Kester et al., Appellants, *v.* Rutt.

Argued April 29, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Raymond J. DeRaymond*, with him *Coffin and De-Raymond,* for appellants.

*Robertson B. Taylor,* with him *Kolb, Holland, Antonelli & Heffner,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, July 2, 1970:

This is an appeal from the Order of the Court of Common Pleas, Civil Division, of Northampton County, denying a motion to remove a judgment of nonsuit.

On June 27, 1966, at about 10:00 P.M., James T. Kester, Jr. was killed instantly as the result of a collision between a pick-up truck which he was driving and defendants' bus. There were no eyewitnesses to the accident and plaintiffs' case was based entirely on the circumstantial evidence of two witnesses. The facts of this collision can be thus summarized from the testimony of these two witnesses:

The collision occurred on an east-west, two-lane highway known as the Freemansburg Highway, between Bethlehem and Easton, Pennsylvania. Defendants' bus came to rest completely off the south side of the highway in the front yard of plaintiffs' witness, Wellington G. Frick, pointed in a southwesterly direction. Kester's pick-up truck was partially off the eastbound lane on its south berm, headed in a southeasterly direction, approximately 180 feet to the east of the final position of the bus. The body of the decedent and the cab seat from the truck were in the westbound lane, near the center of the highway, to the west of the pick-up truck. The debris from the accident was scat-

tered over a wide area of the highway, including both the east- and westbound lanes.

Plaintiffs' first witness, Frick, testified that on the night of the accident he was sitting in his front living room, which faces on Freemansburg Highway. He testified that he heard the squeal of brakes on the highway in front of his house and was able to get "just a quick glance" of the tail lights of a passing vehicle before he heard a terrific explosion-like crash of two vehicles. He testified that the tail lights appeared to be going in an easterly direction, but he did not see the actual collision. He further testified about two different sets of tire skid marks at the scene of the accident. The first set started near the front of his home and extended approximately 180 feet on the south side or in the eastbound lane of the highway. The second set of skid marks were described as "dual wheel" marks to the east of the first set and were made by a dual wheel crossing the center line of the highway at either a north-south *or* south-north angle.

Plaintiffs' second witness, Manuel Barbosa, who arrived at the scene after the accident, testified as to the existence of the first set of skid marks, which he described to be 60 or 90 feet in length. His testimony merely established that these skid marks were there after the accident on the south side of the highway, in the eastbound lane.

This was the only evidence of negligence. At the conclusion of plaintiffs' case, a motion for nonsuit was granted, which the lower Court subsequently refused to take off.

In *Engle v. Spino*, 425 Pa. 254, 228 A. 2d 745, the Court, quoting from *Flagiello v. Crilly*, 409 Pa. 389, 187 A. 2d 289, said (pages 256- 257) : " '. . . It is hornbook law that a judgment of nonsuit can be entered only in clear cases and plaintiff must be given the

benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor: Castelli v. Pittsburgh Railways Company, 402 Pa. 135, 165 A. 2d 632; Stimac v. Barkey, 405 Pa. 253, 174 A. 2d 868; Borzik v. Miller, 399 Pa. 293, 159 A. 2d 741.

" 'The law is likewise clear that the plaintiff has the burden of proving by a fair preponderance of the evidence that defendant was negligent and that his negligence was the proximate cause of the accident: Stimac v. Barkey, 405 Pa., supra; Schofield v. King, 388 Pa. 132, 130 A. 2d 93.

" 'The mere happening of an accident or the mere fact that a moving vehicle collides with . . . another vehicle does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence: Bohner v. Eastern Express, Inc., 405 Pa. 463, 175 A. 2d 864; Stimac v. Barkey, 405 Pa., supra; Gatens v. Vrabel, 393 Pa. 155, 142 A. 2d 287; Schofield v. King, 388 Pa., supra; Ebersole v. Beistline, 368 Pa. 12, 82 A. 2d 11; Hulmes v. Keel, 335 Pa. 117, 6 A. 2d 64; Niziolek v. Wilkes-Barre Railway Corp., 322 Pa. 29, 185 A. 581.

" 'It is also well settled that the doctrine of res ipsa loquitur does not apply and a jury is not permitted to find a verdict based on surmise or guess: Schofield v. King, 388 Pa., supra; Smith v. Bell Telephone Co., 397 Pa. 134, 153 A. 2d 477.' "

The evidence presented by plaintiffs established only (1) the nature of the highway at the scene of the accident and the scattered debris; (2) the collision of two vehicles; (3) the final position and direction of the damaged vehicles; and (4) the existence of skid marks on the highway.

Under the facts hereinbefore stated, it is clear that plaintiffs failed to prove that defendant was negligent

and that his negligence was the proximate cause of plaintiffs' injuries and death—any jury verdict for plaintiffs would have been a mere conjecture or guess.

Order affirmed.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

It is my view that given the testimony that the bus was traveling west, the testimony as to the final resting places of the vehicles, and the evidence that the bus' skid marks crossed the center line from the westbound into the eastbound lane, the jury could very well have concluded that the bus collided with the plaintiff's vehicle on the plaintiff's side of the highway. Since a reasonably prudent man does not drive his vehicle on the wrong side of the highway, the jury could have found, without more evidence, that the bus driver was negligent. Accordingly, I would vacate the judgment of nonsuit, and remand for a new trial.