407 A.2d 447

Jacquelyn C. RUH

v.

Harry J. RUH, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 25, 1978.

Decided July 18, 1979.

Lois J. McKee, McKeesport, for appellant.

Gerald T. Ormand, Dravosburg, for appellee.

Before CERCONE, President Judge, and WIEAND and LIPEZ, JJ.

CERCONE, President Judge:

Appellant takes this appeal from the lower court's denial of his petition to set aside that court's decree nisi, by which the lower court directed that appellant should hold one-half of certain property in a constructive trust for the benefit of his ex-wife. We find that the lower court erred in denying appellant's petition and, therefore, we reverse.

Appellant makes several arguments in support of his position, but the central issue in his appeal is whether his exceptions to the decree nisi were timely. The lower court's decree nisi was filed on January 9, 1975. At the time that the lower court issued its decree nisi, Pa.R.C.P. 1518 stated that exceptions to a decree nisi were to be filed within twenty days after notice of the filing of the adjudication.[1] Appellant's exceptions were not filed within this time period. Rather, appellant filed exceptions only after appellee filed a praecipe to enter decree nisi as a final decree [2] on February 4, 1975. Thereafter, appellant retained new counsel and on March 3, 1975, appellant filed a petition to set aside and strike the decree nisi, alleging therein that appellant had not received notice of the decree nisi until it was entered as a final order.

Pa.R.C.P. 1517(b) deals with notice of the adjudication. This rule provides that "the prothonotary shall notify all

---

1. Rule 1518 has since been amended and now exceptions must be filed within ten days of notice.

2. At the time that appellee filed the praecipe, Pa.R.C.P. 1519(a), provided:
   "If no exceptions are filed within the twenty (20) day period, the decree nisi shall be entered by the prothonotary on praecipe as the final decree."
   This rule was amended and now exceptions must be filed within ten days.

parties or their attorneys of the date of filing [of the adjudication and decree nisi]." Pa.R.C.P. 1519 contains a similar provision regarding the entry of the final decree.[3] The lower court, in denying appellant's petition to strike the decree nisi, relied on Rules 1517 and 1519 to *infer* that either appellant or his attorney of record (his previous attorney) received notice of the decree nisi from the prothonotary. We do not find this inference to be justified in this case.

Pennsylvania Rules of Civil Procedure Rule 236[4] provides, in relevant part:

"a) The prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment:

.    .    .    .    .

2.    [t]o each party who has appeared in the action or to his attorney of record.

b) *The prothonotary shall note in the docket the giving of the notice.*" (Emphasis added.)

The copy of the docket entries, which are part of the reproduced record in this case, contain no notation by the prothonotary that notice of the January 9, 1975 decree nisi was sent to appellant or his counsel. We find from the face of the record in this case that neither appellant nor his counsel of record received written notice from the prothonotary of the decree nisi. Rules 1518 and 1519 say nothing about the recording of notice, which was the focus of appellant's argument. On the other hand, Rule 236 informs us that when such notice is sent this fact must be indicated on the docket. Accordingly, we find the inference raised by the lower court unsupportable in this case and the court in error for refusing appellant's motion to strike the final decree.

3.    Pa.R.C.P. 1519(c) reads:
"The prothonotary shall immediately give written notice by ordinary mail to each party who has appeared in the action or his attorney of record of the entry of the final decree or of any other order of the court."

4.    In relevant part, Rule 236 reads the same today as it did when this case was before the lower court.

Final decree is stricken and the case is remanded for further proceedings consistent with this opinion.