419 A.2d 1365
**NORRIS VAN TOPS, INC.**
v.
**John M. KOPITSKY, Appellant.**
Superior Court of Pennsylvania.
Submitted March 21, 1980.
Filed June 20, 1980.

John J. Gallagher, Philadelphia, for appellant.

J. Pierce Anderson, Norristown, for appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

PER CURIAM:

This is an appeal from an order of the lower court quashing appellant's motion for a new trial after a non–jury trial in appellee's action in assumpsit.

In quashing the motion for a new trial, the lower court noted that in the body of the motion appellant had styled his objections as "exceptions," but that he had improperly captioned the motion as one for a new trial and not as exceptions. Based upon this error in the caption and the specific language of Pa.R.Civ.P. No. 1038(d) that "exceptions may be filed . . . [but] [n]o motion for a new trial . . . may be filed," the lower court quashed the motion. In so ruling the court specifically cited this court's decision in *Young Antics v. Jaymar Realty Corp.*, 245 Pa.Super. 244, 369 A.2d 385 (1976), *allocatur refused*, 245 Pa.Super. xxxiii, as controlling. The lower court's reliance on *Young Antics* was misplaced, however, for that decision can no longer be considered valid in light of the Supreme Court's more recent decision in *Pomerantz v. Goldstein*, 479 Pa. 175, 387 A.2d

1280 (1978). In *Pomerantz,* the Supreme Court held that exceptions that were improperly captioned as a motion for a new trial should not have been dismissed because of the error in the caption but instead should have been considered on the merits as though they had been captioned exceptions. Since this case is indistinguishable from *Pomerantz,* we must vacate the order quashing the motion for a new trial and remand the case to the lower court for consideration of the merits of the exceptions set forth in that motion.

So ordered.