424 A.2d 1388

Lawrence STOWE

v.

John H. BOOKER and City of Philadelphia.

Appeal of CITY OF PHILADELPHIA.

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed Jan. 30, 1981.

Petition for Allowance of Appeal Denied May 8, 1981.

54

Agostino Cammisa, Assistant City Solicitor, Philadelphia, for appellant.

Louis Fine, Philadelphia, for Stowe, appellee.

A. Richard Bailey, Philadelphia, for Booker, appellee.

Before HESTER, MONTGOMERY and CIRILLO,* JJ.

HESTER, Judge:

Presently before the Court is an appeal from the lower court's order dismissing appellant's exceptions to the trial judge's findings of fact and conclusions of law.

This was an action in trespass to recover damages for personal injuries sustained as a result of an accident which occurred on or about the afternoon of November 17, 1972. Appellee, a pedestrian, was struck by defendant Booker's[1] car when he stepped into the intersection of 22nd and Montrose Streets from behind appellant's illegally parked truck.

The complaint in trespass was filed against appellant July 12, 1973. The case was tried without a jury in August of 1977 on the issue of liability. At the close of appellee's testimony, appellant moved for a compulsory non-suit and/or dismissal. This motion was denied. By order dated August 26, 1977, the Court found "in favor of plaintiff against defendants, jointly and individually" and ordered that a hearing be set to determine damages (R. 215a). Subsequently, by order dated March 16, 1978, the Court found the defendants "jointly and mutually liable in the amount of two hundred and fifty thousand ($250,000) dollars." (R. 215a).

---

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

1. Appellee originally filed a complaint against defendant Booker in April of 1973. At appellee's deposition of Booker, the involvement of appellant was revealed and the instant action was commenced. On November 4, 1974, appellee settled with Booker's insurance carrier for seven thousand nine hundred ($7,900) dollars and executed a joint tort feasor release. Booker was joined as an additional defendant by appellant in April 1976.

■ The City of Philadelphia filed a motion for judgment n. o. v. or in the alternative for a new trial and filed timely exceptions to the trial court's findings of fact and conclusions of law.[2] This appeal followed the dismissal of those exceptions.

Appellant contends that there was insufficient evidence upon which to base a finding of negligence or, in the alternative, that appellee was contributorily negligent as a matter of law and therefore the court erred in failing to grant appellant's motions for a compulsory non-suit. We agree that appellee was contributorily negligent as a matter of law; that the lower court erred in failing to grant appellant's motion for a compulsory non-suit, and therefore reverse the lower court's order and direct that a judgment be granted in favor of appellant and against appellee.

The facts surrounding the accident, established by appellee and defendant Booker, testifying on appellee's behalf, are as follows:

Appellee was walking south on the east side of 22nd Street on the afternoon of November 17, 1972. His destination was a barber shop located on the west side of 22nd Street, one block south of the accident scene. Appellee has no memory of what transpired between the time he was one block north of the accident scene and his awakening the next day in the hospital.

Defendant Booker testified that after spending the morning drinking whiskey and beer on an empty stomach, he drove north on 22nd Street, a one way street, until he hit appellee at the intersection of 22nd and Montrose Streets. His testimony was that appellee stepped into the street from behind a Philadelphia Water Department truck, illegally parked facing south on the east side of 22nd Street and that three quarters of the truck's width was on the sidewalk while the remainder was in the street. Booker was arrested

2. The propriety of these motions after a non-jury trial is questionable but appellant properly raised these issues in his exceptions and is therefore not deemed to have waived them, Pa. Rules of Civil Procedure, Rule 1038(d).

at the scene of the accident and charged with reckless driving and driving while intoxicated.

Considering the evidence together with all reasonable inferences flowing therefrom in a light most favorable to the verdict winner, the appellee, and resolving all conflicts in favor of the verdict winner, we still must conclude that the evidence was insufficient to sustain the jury's verdict. *Villano v. Security Savings Association*, 268 Pa.Super. 67, 407 A.2d 440 (1979); *Krescovich v. Fitzsimmons*, 439 Pa. 10, 264 A.2d 585 (1970).

■ Considerable testimony was presented at trial concerning the location of the Philadelphia Water Department truck at the accident scene. In viewing the evidence and the trial judge's conclusions based on the evidence he found credible, we are cognizant of the rule that it is not the province of the appellate court to find facts nor substitute its judgment for that of the trial judge. *Courts v. Campbell*, 245 Pa.Super. 326, 369 A.2d 425 (1976); *Mapp v. Wombucker*, 421 Pa. 383, 219 A.2d 681 (1966). The trial judge found that a Philadelphia Water Department truck was parked illegally on the south east corner of the intersection of Montrose and 22nd Streets. The trial judge also heard evidence that the truck was seven feet in width and that approximately two feet of the truck's width was parked in the street. Evidence was also presented that the sidewalk on the east side of 22nd Street in the vicinity of Montrose Street is twelve to fourteen feet in width. A logical conclusion from the uncontradicted evidence would be that between seven and nine feet of the sidewalk was clear for appellee to traverse unimpeded.

The trial judge, sitting as trier of fact, found that appellant's truck blocked the entire sidewalk, forcing appellee to go into the street to pass it:

'It is settled that '[w]hen a trial judge sits without a jury his findings of fact ... have the weight of a jury verdict and cannot be disturbed on appeal unless they lack

sufficient and competent evidential support.' *Darlington Brick and Clay Products, Inc. v. Aino,* 225 Pa.Super. 186, 187, 310 A.2d 401, 402 (1973).

■ We are compelled to disagree with the trial judge's finding in regard to the blocked sidewalk. From the record we now conclude that the uncontradicted evidence reveals that at least seven feet of the sidewalk's width was available for appellee's journey.

In light of this corrected finding, the causal link between appellant's negligence and appellee's injuries is broken:

" 'The law is . . . clear that the plaintiff has the burden of proving by a fair preponderance of the evidence that defendant was negligent and that his negligence was the proximate cause of the accident: *Stimac v. Barkey,* 405 Pa. 253, 174 A.2d 868 (1961). See also, *Churilla v. Barner,* 269 Pa.Super. 100, 409 A.2d 83 (1979); *Kester v. Rutt,* 439 Pa. 546, 266 A.2d 713 (1970).

It is clear that appellee had a choice of two paths, one safe, one dangerous, and possessed facts or knowledge which put him on notice of the danger. In this situation, appellee was contributorily negligent as a matter of law in choosing the dangerous path and is barred from recovery against the city. *Parnell v. Taylor,* 266 Pa.Super. 74, 403 A.2d 100 (1979); *Downing v. Shaffer,* 246 Pa.Super. 512, 371 A.2d 953 (1977). In *Downing,* supra, this Court held that:

"The ['choice of ways'] rule requiring a person to select a safe route in favor of a dangerous one is nothing more than a formulation of the general rule that a person is contributorily negligent if his conduct falls short of the standard to which a reasonable person should conform in order to protect himself from harm. See Restatement (Second) of Torts, § 466(b)." Id. at A.2d 956.

Appellee's contention that he is entitled to a presumption of due care because the impact of the accident caused him to lose all recollection of the accident is without merit as his

contributory negligence is established by the evidence as a matter of law. *Condo v. Caris*, 255 Pa.Super. 16, 386 A.2d 112 (1978). The uncontradicted evidence which supports our conclusion is as follows:

(1) a safe path for passage existed on the sidewalk;

(2) appellee was familiar with the area and the busy nature of 22nd Street;

(3) the intersection of Montrose and 22nd Streets has no traffic controls, while the intersection to the north is controlled by a red light and that to the south is controlled by stop signs; and finally;

(4) a person familiar with 22nd Street would appreciate the danger involved in stepping out from behind a truck into the street when the truck blocked both appellee's view of traffic and driver's view of appellee.

We do not intend to say that appellee was legally bound to take the safer route:

"There is no law which requires anybody to follow any particular course in reaching his destination. People have freedom of movement in this country and they may even follow whim or caprice in attaining their objectives." *Hopton v. Donora Borough*, 415 Pa. 173, 176, 202 A.2d 814, 815–16 (1964). See, *Parnell v. Taylor*, 266 Pa.Super. 74, 403 A.2d 100 (1979).

However, when appellee was presented with a situation where he had a choice of two distinct ways, one of which was perfectly safe and the other was subject to obvious dangers and risks, appellee voluntarily chose the dangerous way and is contributorily negligent as a matter of law. *Downing v. Shaffer*, 246 Pa.Super. 512, 371 A.2d 953 (1977); *Quinn v. Funk Building Corporation*, 437 Pa. 268, 263 A.2d 458 (1970).

We therefore reverse the lower court's dismissal of appellant's exceptions and remand for entry of judgment not inconsistent with this opinion.