429 A.2d 1201

NICHOLAS LATTANZE and Theresa Cappelli,

v.

Thomas F. SILVERSTRINI.

**Appeal of Nicholas LATTANZE.**

Superior Court of Pennsylvania.

Argued March 31, 1981.

Filed May 15, 1981.

Edward L. McCandless, Jr., Philadelphia, for appellant.

William H. Kinkead, III, Norristown, for appellee.

Before CERCONE, P. J., and HESTER and JOHNSON, JJ.

**PER CURIAM:**

The instant case comes before us on appeal from an order denying plaintiff-appellant's motion for new trial.[1] Appellant was involved in an automobile accident on July 26, 1975. There were no visible signs of injury to his person, nor any immediate signs of internal injury, such as severe pain. Appellant returned to his home immediately following police investigation of the mishap and slept for approximately one hour. Upon awakening he complained of severe headache, and pain in the back of his neck and across his shoulders. For these ailments he was eventually hospitalized. Appellant filed the instant complaint in an attempt to recover the costs of his hospitalization and to recover for pain and suffering. At trial, the court refused to allow an expert witness to answer a question concerning the causal relationship between the accident and appellant's suffering. Appellant has assigned the granting of the appellee's objection to the question as error. Testimony was concluded thereafter, and argument to the jury heard. At the close of argument the court *sua sponte* directed a verdict for the defendant based on its belief that the appellant had not presented sufficient evidence of causation to take the case to the jury. Appellant now argues that there was sufficient evidence to raise a question of fact and that it was therefore error for the court to direct a verdict in appellee's favor.

Appellant has raised an interesting question in asking us to consider the court's action in directing a verdict *sua sponte*, unfortunately for appellant and appellee alike, we cannot address this issue or the others raised herein. By virtue of Rule 301 of the Rules of Appellate Procedure we are constrained from reaching the merits of the appeal. Appellate Rule 301(c) reads:

> Orders not appealable. A direction by the lower court that a specified judgment, sentence or other order shall be

1. The order of question reads: "AND NOW, this 12th day of May 1980, after argument before the Court en banc consisting of Lawrence A. Brown, J., Mason Avrigian, J., and Frederick B. Smillie, J., and upon consideration of briefs filed, plaintiffs Motion for New Trial is refused."

entered, unaccompanied by actual entry of the specified order in the docket, or a direction that a verdict of a jury be recorded or entered, or an order denying a motion for a new trial, does not constitute an appealable order. Any such order shall be reduced to judgment and docketed before an appeal is taken. Pa.R.App.P. 301(c).

Careful review of the docket entries reveals that the order denying the motion for new trial, and thus sustaining the directed verdict, has yet to be reduced to judgment. The appeal must be quashed. See *Pennstan Supply, Inc. v. Hay*, 283 Pa.Super. 558, 424 A.2d 950 (1981); *Brogley v. Chambersburg Engineering et al.*, 283 Pa.Super. 562, 424 A.2d 952 (1981). And see *Slagter v. Mix*, 441 Pa. 272, 272 A.2d 885 (1971); *Bartkewich v. Billinger*, 430 Pa. 207, 241 A.2d 916 (1968); Pa.R.App.P. 341.

Appeal quashed without prejudice to any petition for accelerated argument and review on appeal once the verdict and order are properly reduced to judgment.