434 A.2d 1292

**Irving S. KARPE, Appellant,**

v.

**BOROUGH OF STROUDSBURG.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Sept. 18, 1981.

---

Edwin Krawitz, East Stroudsburg, for appellant.

Philip H. Williams, Stroudsburg, for appellee.

Before BROSKY, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

The instant appeal comes before this Court on an appeal from an order dismissing plaintiff-appellant's motions for a new trial and for judgment notwithstanding the verdict. For the reasons herein stated, that appeal will be quashed.

Appellant, Irving Karpe, received zoning and building permits from defendant-appellee in order to construct a parking lot. Approximately one year later, the permits were revoked. Instead of filing a direct appeal from the order revoking the permits, appellant filed an action against appellee in assumpsit and in trespass. The matter proceeded before a judge, sitting without a jury. Hearings were held, and the following verdict was issued:

"AND NOW, October 25, 1979, the Court finds in favor of the Defendant and against the Plaintiff, for failure of Plaintiff to prove the damages sustained.

> BY THE COURT:
> /s/ Harold A. Thomson Jr.,
> J."

(R. 45a, p. 3)

Appellant then filed two separate post-trial motions, a motion for a judgment notwithstanding the verdict and a motion for a new trial. (R. Nos. 41a and 43a) These motions were treated properly by the trial court as exceptions to the verdict and subsequently dismissed.[1] No final judgment was entered, and this appeal followed.

■ Although the issue is not raised by either party, this Court may raise *sua sponte* the question of jurisdiction. See *Penstan Supply, Inc. v. Hay,* 283 Pa.Super. 558, 424 A.2d 950 (1981); *Turner v. May,* 285 Pa.Super. 241, 245 ftn. 2, 427 A.2d 203, 204 ftn. 2 (1981). Additionally, we have said that:

> "An order dismissing exceptions following a trial without jury is in the same category as an order refusing a new trial. It is interlocutory and unappealable. The appeal should not be filed and may not be entertained *until a final judgment has been entered."*
>
> *Penstan Supply, Inc. v. Hay,* 283 Pa.Super. at 560, 424 A.2d at 951 (1981) (emphasis added). Accord *Lattanze v. Silverstrini,* 287 Pa.Super. 263, 429 A.2d 1201 (1981).

■ Because the trial court's order of June 5, 1980, which dismissed appellant's "exceptions" is interlocutory, an appeal from such an order cannot lie *"until a final judgment*

---

1. In its opinion, the trial court accurately stated that the motions (i. e., for judgment notwithstanding the verdict and for a new trial) filed by appellant were abolished in non-jury assumpsit and trespass actions. See Pa.R.C.P. 1038(d) and 1048; see also *Stowe v. Booker,* 284 Pa.Super. 53, 56 ftn. 2, 424 A.2d 1388, 1390 ftn. 2 (1981) and *Churilla v. Barner,* 269 Pa.Super. 100, 104 ftn. 5, 409 A.2d 83, 85 ftn. 5 (1979). The trial court also correctly treated the improperly captioned motions as exceptions. See *Norris Van Tops, Inc. v. Kopitsky,* 278 Pa.Super. 77, 419 A.2d 1365 (1980) and Pa.R.C.P. 1048.

_has been entered." Id._ Consequently, this Court cannot address the merits of the issues raised by appellant.[2]

Appeal quashed.

JOHNSON, J., files concurring statement.

JOHNSON, Judge, concurring:

I join in the majority opinion of Judge Popovich, holding that the appeal be quashed. I am unable to agree with the majority on those issues discussed in footnote two relating to

2. The existence of certain other procedural irregularities in the instant case does not affect the validity of this appeal. See Pa.R.A.P. 902.

First of all, it appears that appellant's "exceptions" were filed untimely given the fact that the time period under Pa.R.C.P. 1038(d) is to be calculated from the date that "the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)," as opposed to when notice was received by the parties. Pa.R.A.P. 108(b); See _Sarver v. Sarver_, 289 Pa.Super. 472, 474 ftn. 1, 433 A.2d 902, 904 ftn. 1 (1981), and _Christie v. Open Pantry Marts, Inc._, 237 Pa.Super. 243, 244, 352 A.2d 165, 166 (1975) ("Under Pennsylvania law, when a letter is mailed, there is a presumption of receipt); Accord _Shafer v. A.I.T.S., Inc._, 285 Pa.Super. 490, 498, 428 A.2d 152, 156 (1981); But see _Allstate Ins. Co. v. Tallon_, 6 Pa.D.& C.3d 732 (1978); See generally 2 Henry Pa.Evid. § 668 at 99 (4th ed. 1953). Under Pa.R.C.P. 236, the prothonotary is required to give written notice by ordinary mail of the entry of any court order, decree or judgment. See _State Farm Mut. Auto. Ins. Co. v. Schultz_, 281 Pa.Super. 212, 214 ftn. 1, 421 A.2d 1224, 1225 ftn. 1 (1979); _Ruh v. Ruh_, 268 Pa.Super. 82, 407 A.2d 447 (1979).

The time stamp utilized by the Prothonotary's office of Monroe County indicates that appellant's "exceptions" were filed on November 15, 1979, which is more than ten days from October 26, 1979, the date appearing on the docket for when notice of the decision was mailed by the prothonotary to the parties.

Although not ruling on the merits of the trial court's actions in dismissing the untimely "exceptions", we note that a trial court has broad discretion to entertain untimely procedural motions. See _Leidy v. Deseret Enterprises, Inc._, 252 Pa.Super. 162 ftn. 1, 381 A.2d 164, 167 ftn. 1 (1977).

Second, appellee filed a motion for judgment on the pleadings and accompanying memoranda after notice of appeal was filed to this Court. As the case at that point was pending on appeal, the trial court appropriately has not ruled on the motion because jurisdiction is within the Superior Court. See Pa.R.A.P. 1701(a); See also _Commonwealth v. Leatherbury_, 269 Pa.Super. 194, 197 ftn. 4, 409 A.2d 431, 433 ftn. 4 (1979). The validity of that motion, also, does not affect this Court's disposition of the appeal.

the notice provision contained in Pa.R.C.P. § 1038(d), which review is unnecessary to the decision in this case.