437 A.2d 446

BLACK TOP PAVING COMPANY, INC., a
Pennsylvania corporation,

v.

JOHN CARLO, INC., a Michigan Corporation and United
States Fidelity and Guaranty Company, a
Maryland Corporation.

Superior Court of Pennsylvania.

Argued Jan. 13, 1981.

Filed Nov. 20, 1981.

John P. Liekar, Jr., Canonsburg, for appellants.

Lawrence R. Zewe, Washington, for appellee.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

SHERTZ, Judge:

This is an action in assumpsit which was tried non-jury and resulted in a verdict in favor of Appellee-plaintiff. Appellants filed exception and this appeal is from the Order dismissing those exceptions. No final judgment was entered.

Although neither party has raised the issue, this Court will, *sua sponte*, consider the appealability of an Order inasmuch as this is a matter which goes to the very jurisdiction of an appellate court to entertain an appeal. *Karpe v. Stroudsburg*, 290 Pa.Super. 559, 434 A.2d 1292 (1981). This Court has often stated than an appeal from an order dismissing exceptions is interlocutory and unappealable.

> An order dismissing exceptions following a trial without jury is in the same category as an order refusing a new trial. It is interlocutory and unappealable. The appeal should not be filed and may not be entertained until a final judgment is entered.

*Pennstan Supply, Inc. v. Hay*, 283 Pa.Super.Ct. 558, 424 A.2d 950, 951 (1981) (footnote omitted). *See also Karpe, supra; Sun Oil Company of Pennsylvania v. Banghart*, 289 Pa.Super.Ct. 187, 432 A.2d 1115 (1981).

Appeal quashed.[1]

SPAETH, J., filed a concurring statement.

SPAETH, Judge, concurring:

I write only to emphasize my agreement with the majority's invitation to the Rules Committee. At 447 n. 1. I hope the Committee will ·change not only the Comment, but the Rule itself. *See Coren v. DiDomenico*, 291 Pa.Superior Ct. 331, 334, 435 A.2d 1252, 1254 (1981) (SPAETH, J., dissenting) (1981).

---

1. Appeals are being taken to this Court, with increasing frequency, without entry of final judgment as required by Rule 1038, Pa.R.Civ.P. and Rule 301 Pa.R.App.P. We take this opportunity to invite the Rules Committee to add a Comment to Rule 1038, in which the unappealability of such an order is emphasized. The notice provided by such a Comment will hopefully avert the waste of time and effort, on the part of Bench and Bar alike, to say nothing of the effect on the parties, when an untimely appeal is filed.