441 A.2d 1301

**Eileen CUNNINGHAM, Appellant,**

v.

**RELIANCE INSURANCE COMPANIES.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Feb. 19, 1982.

---

Daniel L. Thistle, Philadelphia, for appellant.

Bernard F. Pettit, Philadelphia, for appellee.

Before BROSKY, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the trial court's order which dismissed appellant's motion for a new trial and for a judgment notwithstanding the verdict. For the reasons herein stated, that appeal will be quashed.

The facts which are undisputed are as follows:

On August 28, 1978, appellant-plaintiff, Eileen Cunningham, age 19, and a resident of the Commonwealth of Pennsylvania, was a passenger on a motorcycle owned and operated by Leroy J. Brown, a resident of the State of New

Jersey. Appellant was neither a relative of Leroy Brown nor was she a member of his household. While the motorcycle was proceeding on Buckshutem Road in Milleville, New Jersey, it was involved in a collision with an automobile operated by Robert Henderson, a New Jersey resident. As a result of this accident, the appellant sustained substantial bodily injuries for which she is still being treated. As of June, 1979, her incurred medical expenses amounted to` $37,691.40.

■ The matter proceeded before a judge, sitting without a jury, and a verdict was rendered for appellee on January 29, 1980. Appellant then filed a motion for a new trial and for judgment notwithstanding the verdict. The motion was dismissed.[1] No final judgment has been entered at the trial level.

■ Both parties agree that the order which forms the basis of the instant appeal is from the trial court's order which dismissed appellant's "exceptions".[2] However, although the appellee does not raise the issue, the appealability of an order is jurisdictional and may be raised *sua sponte*. *Turner v. May Corp.*, 285 Pa.Super. 241, 245 n.2, 427 A.2d 203, 204 n.2 (1981).

■ We have said repeatedly that an order dismissing exceptions is interlocutory, and as such, an appeal may not be entertained until a final judgment has been entered. See *Davanzo v. Finelli*, 293 Pa.Super. 70, 437 A.2d 995 (1981);

1. We note that even though the appellant had styled her objections as a motion for judgment notwithstanding the verdict and a new trial, and not as "exceptions", the trial court acted properly in considering the motion on the merits as though it had been captioned as "exceptions". See *Norris Van Tops, Inc. v. Kopitsky*, 278 Pa.Super. 77, 419 A.2d 1365 (1980).

2. We note that although both parties agree that the instant appeal lies from the trial court's order which dismissed the "exceptions", a discrepancy exists concerning the actual date that the "exceptions" were dismissed. This discrepancy appears to have stemmed from the fact that the trial court's order is dated May 19th, 1980, and the date which is handwritten and inserted on the docket entry is May 28th, 1980. This factual discrepancy, however, does not affect our disposition of the case.

*Whitfield v. Farrior*, 291 Pa.Super. 220, 435 A.2d 877 (1981); *Karpe v. Borough of Stroudsburg*, 290 Pa.Super. 559, 434 A.2d 1292 (1981). Consequently, the merits of the issues raised by appellant cannot be addressed.

The appeal is quashed.