442 A.2d 1174

Donald FERNANDES, Appellant,

v.

WARMINSTER MUNICIPAL AUTHORITY.

Superior Court of Pennsylvania.

Argued Jan. 5, 1982.

Filed March 19, 1982.

Donald Fernandes, in pro. per.

William H. R. Casey, Richboro, for appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

CAVANAUGH, Judge:

■ Appellant Donald Fernandes, acting pro se, commenced this appeal by filing notice of appeal in the lower court on February 3, 1981. A verdict was entered on January 9, 1981 in favor of appellee following a non-jury trial which was conducted by the Honorable William Hart Rufe III. The case was tried de novo on appeal from decision by a board of arbitration. Following the verdict the trial Judge, aware of the appeal to this court, wrote an opinion pointing out that no motions for a new trial had been filed and that there had been no specification of grounds of appeal. This opinion was dated July 24, 1981. The record also contains a motion in the lower court on behalf of appellant "to correct the record-nunc pro tunc" and "to order the record transcribed". This motion is dated July 31, 1981. There is also an order signed by the trial court on August 11, 1981, responding to appellant's motion to file issues and grounds for taking his appeal to the Superior Court. This order simply states that "said motion shall be filed." It thus appears there has been no judgment entered in the lower court. Under the circumstances, even though the issue has not been raised by either party, we consider the issue of jurisdiction *sua sponte* and are constrained to quash the appeal since there has been no judgment entered. See Pa.R.App.P. 301; Rule 1038 and 1048 of the Pennsylvania Rules of Civil Procedure; *Black Top Paving v. John Carlo, Inc.*, 292 Pa.Super. 404, 437 A.2d 446 (1981); *Karpe v. Stroudsburg*, 290 Pa.Super. 559, 434 A.2d 1292 (1981).

■ We further observe that appellant has failed to file any exceptions to the verdict of the trial court but took a direct appeal to this court. It is a basic precept of Pennsylvania law that where a claim of error is not properly preserved for review, an appellate court must not consider

that claim on appeal. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). Specifically by failing to file post-verdict motions an appellant has not adequately preserved for appeal his claim of error. *Benson v. Penn Central Transportation Co.*, 463 Pa. 37, 342 A.2d 393 (1975). Of course this is not blind insistance on a mere technicality since post-trial motions serve an important function in adjudicatory process in that they afford the trial court in the first instance the opportunity to correct asserted trial error and also clearly and narrowly frame issues for appellate review. *Commonwealth v. Kinsey*, 249 Pa.Super. 1, 375 A.2d 727 (1977); *Commonwealth v. Koch*, 288 Pa.Super. 290, 295, 431 A.2d 1052, 1055 (1981). *See also Pittsburgh National Bank v. Mutual Life Insurance Co. of New York*, 273 Pa.Super. 592, 417 A.2d 1206 (1980); *Baccare v. Mennella*, 246 Pa.Super. 53, 369 A.2d 806 (1976).

Appeal quashed.