Robert M. MUMMA, II, Appellant

v.

BOSWELL, TINTNER, PICCOLA & WICKERSHAM, Estate of Robert Mumma, Lisa Morgan, Barbara Mumma & George Hadley, Appellees.

Superior Court of Pennsylvania.

Argued Aug. 29, 2007.
Filed Oct. 30, 2007.
Reargument Denied Jan. 10, 2008.

Thomas W. Scott, Philadelphia, for appellant.

Edwin A.D. Schwartz, Harrisburg, for Boswell, Tintner, Piccola & Wickersham, appellees.

Patrick J. Cosgrove, Philadelphia and Jennifer L. Spears, Carlisle, for Estate of Mumma, Morgan and Mumma, appellees.

BEFORE: PANELLA, DANIELS, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 Robert M. Mumma, II, (Mumma) appeals from the trial court's October 9, 2006 order denying his petition to strike and/or open the judgments entered as a result of his failure to file a timely certificate of merit in support of his claims of professional negligence. *See* Pa.R.C.P. 1042.1–1042.8. Mumma also appeals from the trial court's November 8, 2006 order granting preliminary objections in the nature of a demurrer in favor of Boswell, Tintner, Piccola and Wickersham (BTPW), the Estate of Robert Mumma (the Estate), Lisa Morgan (Morgan), Barbara Mumma, and George Hadley (Hadley) (collectively the Defendants) and dismissing his amended complaint with prejudice. On appeal, Mumma contends that the trial court erred in denying his petition to open/strike the judgments because the prothonotary failed to provide him with notice of entry of the judgments in accordance with Pa.R.C.P. 236. Mumma further contends that the prothonotary's failure to abide by Pa. R.C.P. 236 rendered his certificate of merit timely under Pa.R.C.P. 1042. Mumma additionally asserts that the trial court was without jurisdiction to enter its November 8, 2006 order since he filed a notice of appeal on November 7, 2006. Upon review, we conclude that the trial court erred in denying Mumma's petition to strike and/or open judgments as the prothonotary did not give the required written notice

of the entry of the judgments pursuant to Pa.R.C.P. 236. We also conclude that the trial court was without authority to enter its November 8, 2006 order due to Mumma's filing of the notice of appeal on November 7, 2006. Accordingly, we reverse the trial court's order denying Mumma's petition to strike and/or open judgments, vacate the trial court's order dismissing Mumma's amended complaint, and remand for proceedings consistent with this Opinion.

¶ 2 The facts and circumstances underlying this matter are not relevant for purposes of this appeal. As these consolidated appeals present this Court with pure questions of procedure, the following procedural history will suffice for our disposition.

¶ 3 On June 8, 2006, Mumma, *pro se,* filed a complaint against the law firm of BTPW, the Estate, Morgan and Barbara Mumma, the co-executrixes of the Estate, and Hadley, a principal of an accounting firm. Reproduced Record (R.R.) at 13a–20a. In the complaint, Mumma pled a claim of Damages in Count I, a claim of Punitive damages in Count II, and a claim of Assignment of Note in Count III. R.R. at 17a–19a. Mumma's "Damages" claim essentially asserted that he suffered a monetary loss directly attributable to the legal malpractice of BTPW in rendering legal advice. R.R. at 18a. Mumma's "Punitive Damages" claim also alleged that BTPW committed legal malpractice. R.R. at 18a–19a. Finally, Mumma's "Assignment of Note" claim ostensibly alleged that Hadley filed an improper tax return and conspired to transfer Mumma's funds illegally. R.R. at 20a. The Defendants, in turn, filed various preliminary objections, contending, *inter alia,* that Mumma's complaint should be dismissed for legal and factual insufficiency.

¶ 4 On July 17, 2005, Mumma, *pro se,* filed an amended complaint, alleging in Count I that the Defendants were negligent and in Count II that the Estate and Hadley converted funds. R.R. at 29a–30a. In Count III, Mumma alleged a breach of contract claim, which recast the allegations in his Count II claim, and in Count IV, Mumma pled a claim of punitive damages, essentially asserting that the Defendants breached their various fiduciary duties. R.R. at 32a–36a. The Defendants then filed preliminary objections to Mumma's amended complaint, claiming, *inter alia,* that it was legally and factually insufficient and should be dismissed. R.R. at 46a–56a, 59a–67a.

¶ 5 On August 8, 2006, BTPW praeciped for entry of a judgment of *non pros* pursuant to Pa.R.C.P. 1042.6 because Mumma failed to file a certificate of merit within 60 days of the filing of his complaint alleging a professional liability claim against the law firm. R.R. at 69a. The prothonotary subsequently entered judgment in favor of BTPW, and BTPW mailed Mumma a copy of the praecipe for the entry of judgment. On August 11, 2006, Mumma, *pro se,* filed a Motion for Extension of Time to file Certificates of Merit. R.R. at 71a–72a. On August 14, 2006, the trial court entered an order declining to entertain Mumma's motion because it was not filed in accordance with Dauphin County Local Rule 208.2(d). R.R. at 74a–75a. On August 15, 2006, Hadley filed a praecipe for entry of a judgment of *non pros* pursuant to Pa.R.C.P. 1042.6 on the ground that Mumma failed to file a certificate of merit within 60 days of the filing of his complaint alleging a professional liability claim against the principal of an accounting firm. R.R. at 76a–77a. The prothonotary subsequently entered judgment in favor of Hadley, and Hadley mailed Mumma a copy of the praecipe for the entry of judgment. The record does not document

that the prothonotary sent Mumma notice of the actual entry of the judgments in favor of BTPW and Hadley.

¶ 6 Mumma, *pro se,* filed another Motion for Extension of Time to file Certificates of Merit on August 24, 2006. R.R. at 78a–79a. The trial court, on September 1, 2006, entered an order denying Mumma's motion, since judgments of *non pros* were previously entered in favor BTPW and Hadley. R.R. at 83a. On September 27, 2006, Mumma filed a certificate of merit in support of his professional liability claims. R.R. at 7a. On that same date, Mumma, *pro se,* also filed a Petition to Strike and/or Open Judgments. R.R. 84a–90a. In his petition, Mumma alleged that BTPW's praecipe for judgment on August 8, 2006, was premature, claiming that it was filed and entered before the 60 day time limitation ran for the filing of a certificate of merit. R.R. at 85a. Mumma further averred that the judgments entered pursuant to the praecipes filed by BTPW and Hadley should be stricken and/or opened because the prothonotary did not send or docket the written notice of the entry of the judgments in accordance with Pa. R.C.P. 236. R.R. at 87a. In its response to Mumma's petition to open/strike judgments, BTPW contended that judgment was properly entered in its favor. R.R. at 94a–98a. Specifically, BTPW argued that the 60th day following the filing of Mumma's complaint was August 7, 2006, and that its praecipe on August 8, 2006, was therefore timely under Pa.R.C.P. 1042.6. R.R. at 94a.

¶ 7 On October 9, 2006, the trial court denied Mumma's Petition to Strike and/or Open Judgments. Order, 10/09/06, at 1 (unnumbered). The trial court concluded that Mumma failed to provide a reasonable explanation for failing to file a certificate of merit within sixty days of his complaint. *See id.* The trial court also found that the judgments were appropriately docketed and entered pursuant to Pa.R.C.P. 237.1. *See id.* On November 7, 2006, Mumma filed a notice of appeal (1944 MDA 2006) from the trial court's October 9, 2006 order denying his Petition to Strike and/or Open Judgments. The next day, on November 8, 2006, the trial court entered three orders granting the Defendants' preliminary objections in their entirety and dismissing Mumma's amended complaint with prejudice. Order, 11/08/06, at 1 (unnumbered). Mumma filed a notice of appeal (2139 MDA 2006) from these orders on December 9, 2006.

¶ 8 Mumma's two appeals were subsequently consolidated for review by this Court. During the course of these appeals, BTPW filed a motion to quash Mumma's appeal from the trial court's order denying his petition to open/strike the judgments, contending that the order was a nonappealable, collateral order. We denied BTPW's motion without prejudice, allowing it to raise the issue at oral arguments and in its appellate brief.

¶ 9 On appeal, Mumma raises the following questions for our review:

(a) Whether an appeal from an Order that refuses to strike a judgment is an appealable Order pursuant to Rule 311, which authorizes an appeal from an Order that refuses to strike judgment?

(b) Whether the failure to give Appellant Mumma notice from the Prothonotary of the entry of the judgments of non pros as required by Rule 236 should result in a determination that such a judgment was never entered?

(c) If the judgment of non pros were never properly entered, was the subsequent filing of a Certificate of Merit by Appellant Mumma a timely filing?

(d) Did Appellant Mumma's filing of a timely Notice of Appeal from the Orders entered by the Trial Court deprive the

Court of authority to enter any further Orders after the filing of the Notice of Appeal?

Brief for Appellant at 3.

¶ 10 In his first question, Mumma contends that BTPW's motion to quash his appeal from the trial court's order denying his motion to open/strike the judgments should be denied because Pa.R.A.P. 311 specifically authorizes such an appeal. Brief for Appellant at 9. In pertinent part, Appellate Rule 311(a)(1) states that "[a]n appeal may be taken as of right ... [from] ... [a]n order refusing to open, vacate or strike off a judgment." Pa. R.A.P. 311(a)(1). We agree with Mumma that the trial court's order denying his petition to open/strike the judgments is appealable as a matter of right pursuant to the plain language of Appellate Rule 311(a)(1). Consequently, we deny BTPW's motion to quash Mumma's appeal and will address Mumma's questions pertaining to the denial of his petition to open/strike the judgments on their merit.

¶ 11 Mumma's second question challenges the trial court's denial of his petition to open/strike the judgments entered following praecipes by BTPW and Hadley.

¶ 12 "When reviewing a petition to open and/or strike a judgment of *non pros* pursuant to Pa.R.C.P. 1042.6, our Court may reverse the decision of the trial court only if we find that the trial court abused its discretion in reaching its determination." *Ditch v. Waynesboro Hosp.*, 917 A.2d 317, 324 (Pa.Super.2007) (citation and internal quotation marks omitted), *appeal granted in part,* —— Pa. ——, 934 A.2d 1150 (2007). "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." *Crystal Lake Camps v. Alford,* 923 A.2d 482, 486 (Pa.Super.2007) (citation omitted). "It is well-established that a motion to strike off a judgment of non pros

challenges only defects appearing on the face of the record and that such motion may not be granted if the record is self-sustaining." *Ditch,* 917 A.2d at 324–25 (citation omitted).

¶ 13 Mumma asserts that there exists a fatal defect on the face of the record because the prothonotary did not provide him with notice of the entry of the judgments of *non pros* and failed to note the delivery of the notice in the docket as required by Pa.R.C.P. 236. Brief for Appellant at 11. In relevant part, Civil Rule 236 provides:

**Rule 236. Notice by Prothonotary of Entry of Order or Judgment**

(a) The prothonotary shall immediately give written notice of the entry of

\* \* \* \*

(2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.

\* \* \* \*

(b) The prothonotary shall note in the docket the giving of the notice and ... the mailing of the required notice and documents.

Pa.R.C.P. 236(a)(2), (b).

¶ 14 Here, pursuant to Pa.R.C.P. 1042.6, BTPW and Hadley praeciped for the entry of judgments of *non pros* on Mumma's professional liability claims for failing to file a timely certificate of merit. *See* Pa.R.C.P. 1042.6 (Entry of Judgment Non Pros for Failure to File Certification). Prior to the prothonotary's entry of the judgments, BTPW and Hadley mailed Mumma a copy of the praecipes, and thus, complied with the notice requirement of Civil Rule 237.1. *See* Pa.R.C.P.

237.1(a)(2). The procedural mechanism of Civil Rule 237.1, however, pertains only to an entry of judgment of *non pros* for failing to file a complaint or by default judgment for failing to plead. *See* Pa. R.C.P. 237.1 (Notice of Praecipe for Entry of Judgment of Non Pros for Failure to File Complaint or by Default for Failure to Plead). The accompanying Note to Pa. R.C.P. 1042.6 expressly states that "Rule 237.1 does not apply to a judgment of non pros entered under this rule." Pa.R.C.P. 1042.6 *Note.* Since the Note to Civil Rule 1042.6 suggests to the reader that the notice procedure of Civil Rule 237.1 is not applicable to judgments entered under Pa. R.C.P. 1042.6, we conclude that a judgment entered pursuant to Civil Rule 1042.6 constitutes an "other judgment" for purposes of Pa.R.C.P 236. Consequently, the notice requirements of Civil Rule 236 are fully applicable in the case at bar and the trial court erred in concluding that the prothonotary properly entered the judgments of *non pros* under Civil Rule 237.1.

¶ 15 Applying Civil Rule 236 to the facts now before us, the docket entries in this matter conclusively establish that the prothonotary did not provide Mumma with written notice of entry of the judgments and failed to note in the docket the giving of such notice. R.R. at 5a, 6a. Because the prothonotary failed to comply with the mandates of Pa.R.C.P. 236, the judgments on August 8 and 15, 2006, were not "officially" recorded on the docket. *See also Frazier v. City of Phila.,* 557 Pa. 618, 735 A.2d 113, 115 (1999) (stating that "although [Appellant] received notice of the April 8 judgment, because there was no corresponding entry in the docket, formal entry of the order did not occur under [Rule 236(b).]"); *Gomory v. Com., Dept. of Transp.,* 704 A.2d 202, 204 (Pa.Cmwlth. 1998) ("Pursuant to Pa.R.A.P. 108, a trial court's order is not 'entered' until that order has been entered by the Prothonota-

ry on the docket *and* notice of the order's entry has been given to the parties by the Prothonotary as required by Pa.R.C.P. No. 236.") (emphasis in original). Therefore, based on the face of the record, the judgments were defective and should have been stricken. As such, the trial court erred in denying Mumma's Petition to Open/Strike the Judgments. *See Ruh v. Ruh,* 268 Pa.Super. 82, 407 A.2d 447, 448 (1979) (concluding that the trial court erred in denying the appellant's petition to strike the judgment because the prothonotary did not note in the docket the giving of the written notice to the appellant or his attorney under Rule 236). Accordingly, we reverse the trial court's October 9, 2006 order and remand with direction that the prothonotary strike the judgments entered on August 8 and 15, 2006. We note, however, that our decision does not preclude any of the Defendants from subsequently filing another praecipe for the entry of judgment under Rule 1042 on the ground that Mumma filed an untimely certificate of merit.

¶ 16 In his third question, Mumma claims that since the judgments were not properly entered, his certificate of merit should be considered timely filed. Brief for Appellant at 13–17. Mumma, in essence, argues that the defective judgments should act to extend the 60 day time limitation for filing a certificate of merit, or a motion for an extension of time, in cases where a plaintiff asserts a professional liability claim. Brief for Appellant at 13–14. We reject Mumma's argument as being in direct contravention to the plain language of Civil Rules 1042.3(a), (d) and 1042.6(a), which clearly require a plaintiff to either file a certificate of merit or motion for an extension of time within 60 days of the complaint and permit a defendant to praecipe for entry of judgment if the plaintiff fails to do so. *See* Pa.R.C.P. 1042.3(a)

(stating that the plaintiff *"shall* file with the compliant or within sixty days after the filing of the complaint, a certificate of merit ...") (emphasis added); Pa.R.C.P. 1042.3(d) ("The motion to extend the time for filing a certificate of merit *must* be filed on or before the filing date that the plaintiff seeks to extend.") (emphasis added); Pa.R.C.P. 1042.6(a) (stating that in the event that the plaintiff fails to file a timely certificate of merit or motion seeking to extend the time to file the certificate, the prothonotary shall, upon praecipe of the defendant, enter judgment in favor of the defendant). We express no opinion whether Mumma's certificate of merit or motion for an extension of time was ultimately filed timely, as that issue is a factual question that is not properly before us. We only conclude that, as a matter of law, the 60 day time limitation of Civil Rule 1042.3 cannot be extended based upon the mere fact that the entry of judgment was technically deficient under Civil Rule 236. Mumma's third question, therefore, has no merit.

¶ 17 In his fourth and final question, Mumma argues that once he filed a notice of appeal from the trial court's order denying his petition to open/strike the judgments on November 7, 2006, the trial court lost jurisdiction and was without authority to enter its November 8, 2006 order dismissing his complaint. Brief for Appellant at 17–18. We agree.

¶ 18 In relevant part, Pa.R.A.P. 1701 states:

> **(a) General rule.** Except as otherwise prescribed by these rules, after an appeal is taken ... the trial court or other government unit may no longer proceed further in the matter.
>
> \* \* \* \*
>
> **(c) Limited to matters in dispute.** Where only a particular item, claim or

assessment adjudged in the matter is involved in an appeal ... the appeal or petition for review proceedings shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment[.]

Pa.R.A.P. 1701(a), (c). *See Nevyas v. Morgan,* 921 A.2d 8, 14 (Pa.Super.2007) ("Rule 1701 divests the trial court of authority to proceed further in a matter once an appeal has been taken, except for certain specified exceptions.")

¶ 19 Here, on November 7, 2006, Mumma filed a notice of appeal from the trial court's denial of his petition to open/strike the judgments entered on his claims of professional negligence. The trial court, on November 8, 2006, entered an order dismissing Mumma's entire amended complaint, including Mumma's professional negligence counts. The trial court, therefore, did not have authority to enter its dispositional order, since it dismissed Mumma's professional negligence claims after he filed a notice of appeal seeking appellate review related to those claims. Although under Pa.R.A.P. 1701(c), the trial court may have issued an order that limited its dismissal of Mumma's claims to those that were not related to his professional negligence counts, it did not do so. Instead, the trial court, without explanation, dismissed Mumma's entire amended complaint. In this context, where Mumma's professional negligence claims remained in his amended complaint, and his other counts were not specifically identified for dismissal, we conclude that the trial court's order dismissing Mumma's amended complaint was amalgamated with the matter currently on appeal. *Cf. Commonwealth v. Hall,* 327 Pa.Super. 390, 476 A.2d 7, 10 (1984) (concluding that trial court could not commence trial during pendency of a *pro se* appeal from order denying recusal motion where allegations in

support of recusal motion were tightly intertwined with defendant's right to a fair trial). Consequently, the trial court was without jurisdiction to issue an order dismissing Mumma's *pro se* amended complaint. Accordingly, we vacate the trial court's November 8, 2006 order and remand for proceedings consistent with this Opinion. We note that our decision does not preclude the trial court, on remand, from entering another order dismissing Mumma's amended complaint or from taking the Defendants' preliminary objections under further advisement.

¶ 20 For the stated reasons, we deny BTPW's motion to quash the appeal. We reverse the trial court's October 9, 2006 order denying Mumma's petition to open/strike the judgments and remand with direction that the prothonotary strike the judgments. We vacate the trial court's November 8, 2006 order dismissing Mumma's amended complaint and remand for proceedings consistent with this Opinion.

¶ 21 Motion to quash **DENIED.** October 9, 2006 order (1944 MDA 2006) **REVERSED** and **REMANDED** with direction. November 8, 2006 order (2139 MDA 2006) **VACATED** and **REMANDED** for proceedings consistent with this Opinion. Jurisdiction **RELINQUISHED.**