J-A25021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHARON M. PAIGE, EXECUTOR OF THE ESTATE OF MARVIN SAMUELS, DEC'D | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 3989 EDA 2017 |
| ANGELA REED AND PALLIATIVE MEDICAL ASSOCIATES OF PENNSYLVANIA | : | |

Appeal from the Order Entered November 2, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  01158 May Term, 2016

BEFORE:  PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, J.:                    **FILED OCTOBER 02, 2019**

This is an action for wrongful death brought against a nurse practitioner, Angela Reed, and her employer, Palliative Medical Associates of Pennsylvania. From the pleadings, we have determined that the first cause of action claimed that the decedent suffered a battery leading to his death.  The second cause of action, against Palliative, alleged negligent supervision of the nurse practitioner.

The facts of the case, as stated in the complaint, are troubling. Appellant alleged that the nurse practitioner, without the consent of the decedent, changed the decedent's emergency treatment code status, while he

was hospitalized at Hahnemann University Hospital, from full code to "Do Not Resuscitate" and "Do Not Intubate." The decedent never learned of this change. The complaint includes averments that the decedent died without the administration of any life saving measures while at the hospital. Appellant argues that the unauthorized and unknown changing of the hospital code status constituted the battery as alleged in the first cause of action.

Following an arbitration, Appellees filed and served a notice of intent to seek judgment non pros due to the failure of the Appellant to file a certificate of merit pursuant to Rule Pa.R.C.P. 1042.3. There was no response from the Appellant. After Appellees filed a praecipe, the trial court entered judgment. Appellant then filed a petition to open the judgment non pros arguing that a certificate of merit was not required. Eventually, on October 30, 2017, the trial court denied the petition to open:

> [B]ecause plaintiff failed to file a motion seeking a *determination* as to the necessity of filing a certificate of merit after the defendant filed a notice of intention to file a praecipe for judgment of *non pros*, the motion is DENIED.

Appellant timely filed an appeal to this Court. Appellant argues in her Brief that the intentional actions of the nurse practitioner constituted an assault or battery which do not implicate the requirements of a certificate of merit under Rule 1042.3. In relation to the cause of action against Palliative, Appellant contends that Palliative "negligently failed to supervise Reed, and that had it done so, Reed would not have changed [the decedent's] code,

causing his death." Brief of Appellant at 12. This type of allegation would seemingly fall within the scope of professional standards addressed in Rule 1042.3, therefore requiring a certificate of merit. However, Appellant further argues that the "complete failure to perform duties originating from a contract, i.e., a nonfeasance will be considered a breach of contract claim", *id*. at 13, consequently removing this cause of action from the mandates of rule 1042.3. Finally, Appellant argues that the trial court should have waited until discovery was completed before addressing the petition to open.

"When reviewing a petition to open and/or strike a judgment of *non pros* pursuant to Pa.R.C.P. 1042.6, our Court may reverse the decision of the trial court only if we find that the trial court abused its discretion in reaching its determination." ***Zokaites Contracting Inc. v. Trant Corp.***, 968 A.2d 1282, 1286 (Pa. Super. 2009), *quoting* ***Mumma v. Boswell, Tintner, Piccola & Wickersham***, 937 A.2d 459, 463 (Pa. Super. 2007). Prior to the adoption of new Rule 1042.6, our Supreme Court ruled that a plaintiff who failed to file a certificate of merit and against whom a judgment of *non pros* was entered could seek relief under Rule 3051 and demonstrate that the failure to file a certificate of merit should be excused. ***See Womer v. Hilliker***, 908 A.2d 269, 279 (Pa. 2006).

However, on June 16, 2008, new Rule 1042.6 was adopted by the Pennsylvania Supreme Court. This new rule provides that once a notice of

intention to seek a judgment of *non pros* is filed by a defendant under Rule

1042.6(a):

> [T]he plaintiff may file a motion to seek "a determination by the court that the filing of a certificate of merit is not required." As in the case of a motion to extend the time for filing a certificate under Rule 1042.3(d), the "filing of the motion tolls the time period within which a certificate of merit must be filed until the court rules upon the motion."

Pa.R.C.P. No. 1042.6 Explanatory Comment--2008. This motion is referenced

in subsection (c) of Rule 1042.6, which states:

> Upon the filing of a notice under subdivision (a) of this rule, a plaintiff may file a motion seeking a determination by the court as to the necessity of filing a certificate of merit. The filing of the motion tolls the time period within which a certificate of merit must be filed until the court rules upon the motion. If it is determined that a certificate of merit is required, the plaintiff must file the certificate within twenty days of entry of the court order on the docket or the original time period, whichever is later.

Pa.R.C.P. No. 1042.6(c). The Note following subsection (c) states that the

motion may be filed at any time prior to the entry of a judgment of *non pros*,

however, once the judgment *non pros* is entered, "a party cannot raise the

claim that the filing of a certificate of merit was not required."

As stated above, Appellees filed and served a Notice of Intention to Enter

Judgment of Non Pros on Professional Liability Claim on April 24, 2017.

Appellant never filed a responsive motion under Rule 1042.6. The trial court

then entered judgment on May 25, 2017, pursuant to a praecipe filed by

Appellees. By not responding to the Notice of Intention to Enter Judgment,

Appellant waived any issues concerning whether a certificate of merit was

properly required in the first instance. Although Appellant numbers three separate arguments in her brief, they all relate to the sole argument that a certificate of merit was not required. Because Appellant waived all of her issues by failing to comply with Pa.R.C.P. 1042.6(c), we must affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/19