J-S69011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF GEORGE D. SINCLAIR C/O GLENMEDE TRUST COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| HARVEY LEVIN | |
| Appellee | No. 2649 EDA 2013 |

Appeal from the Judgment Entered January 6, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): May Term 2012, No. 01277

| | |
|---|---|
| ESTATE OF GEORGE D. SINCLAIR C/O GLENMEDE TRUST COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARVEY LEVIN | |
| Appellant | No. 2832 EDA 2013 |

Appeal from the Judgment Entered January 6, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): May Term 2012, No. 01277

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 09, 2015**

Appellant, Estate of George D. Sinclair c/o Glenmede Trust Company ("Estate"), and Cross-Appellant, Harvey Levin ("Mr. Levin"), appeal and cross-appeal from the judgment entered in the Philadelphia County Court of

Common Pleas, in this breach of contract action. We affirm.

The relevant facts and procedural history of this case are as follows. In December 2003, Mr. Sinclair loaned Mr. Levin $150,000.00 to finance Mr. Levin's purchase of real property located at 2009 Chestnut Street in Philadelphia. Mr. Sinclair and Mr. Levin executed a promissory note on or about December 3, 2003 ("2003 Note"),[1] dictating the terms of the loan, which provided that Mr. Levin would pay off the principal and all interest due on the loan by December 31, 2004. Interest would accrue at a rate of eight percent (8%) per year; in the event of a default, however, interest would accrue at a rate of eleven percent (11%) per year. Despite requests for payment, Mr. Levin made no payments toward the principal or interest owed. To the best of our knowledge, Mr. Sinclair died sometime in 2005. On May 10, 2006, the Estate sued Mr. Levin for nonpayment in the Philadelphia County Court of Common Pleas, Civil Action, May Term, 2006 No. 1457.

On or about November 21, 2006, the Estate and Mr. Levin entered into an agreement ("2006 Agreement") concerning Mr. Levin's repayment obligations. Based on the parties' new agreement, the Estate agreed to terminate the 2006 lawsuit, which it discontinued without prejudice on December 4, 2006. Under the terms of the 2006 Agreement, Mr. Levin

---

[1] The 2003 Note does not contain Mr. Levin's signature. Mr. Levin raises this issue in his first and second claims on cross-appeal.

agreed to pay the $150,000.00 principal owed to the Estate in ninety (90) consecutive monthly payments of $1,666.66, beginning November 1, 2006. Regarding interest, the 2006 Agreement provided in relevant part:

> 7. No interest will be due the Estate…from [Mr. Levin] provided that the principal monthly payments are paid when due and in full.
>
> 8. In the event that [Mr. Levin] defaults in payment of the principal payments due, hereunder, the [Estate] shall have the right to accelerate and demand full payment of both principal and accumulated interest, with interest to be calculated as set forth in the terms of the attached Promissory Note [(the 2003 Note)], with accumulated interest to be calculated from the date of the original [P]romissory [N]ote, and shall have the right to exercise any and all rights provided in the Promissory Note, including, but not limited to, an action in Confession of Judgment.
>
> 9. The terms and provisions of said Promissory Note are incorporated herein and made part hereof.

(2006 Agreement, 11/21/06, at 2 ¶¶ 7-9).[2]

According to the Estate, Mr. Levin made only twenty-seven (27) payments between November 2006 and February 2011 (twenty-six payments of $1,666.66 and one payment of $1,666.67,[3] totaling $44,999.83). After February 2011, Mr. Levin made no additional payments. On May 15, 2012, the Estate filed a complaint against Mr. Levin alleging

---

[2] The parties dispute on appeal whether the 2003 Note is the "attached Promissory Note" referenced in the 2006 Agreement.

[3] The record discloses that Mr. Levin's February 2011 payment was actually $1,666.66.

breach of contract. The Estate filed an amended complaint on July 12, 2012.[4]

A bench trial occurred on June 11, 2013, after which the court entered its verdict (docketed on June 12, 2013) in favor of the Estate. Specifically, based on the Estate's admission in its amended complaint, the court decided Mr. Levin made payments each month from November 2006 through August 2010 in the amount of $1,666.66, but stopped making payments in August 2010, with the exception of one payment of $1,666.66 in February 2011 (totaling $78,333.02 paid toward the $150,000.00 principal owed under the 2003 Note). Thus, the court concluded Mr. Levin owed a balance of $71,666.98 on the principal. Additionally, the court assessed an eight percent (8%) interest rate for all monies owed under the 2003 Note prior to entering the 2006 Agreement; the court assessed no interest on any of Mr. Levin's payments made after entry of the 2006 Agreement; and the court assessed an eleven percent (11%) interest rate for all monies owed after Mr. Levin stopped making payments under the 2006 Agreement. In total, the court ordered Mr. Levin to pay $130,003.19 to the Estate.

_____

[4] In its amended complaint, the Estate stated: "[Mr. Levin] did make monthly payments of $1,666.66 from November, 2006 until August, 2010 but has made only one payment…since then, on February 11, 2011." (Estate's Amended Complaint, filed July 12, 2012, at 2 ¶8). The trial court decided this statement constituted a judicial admission that Mr. Levin made consecutive payments every month from November 2006 to August 2010, for a total of forty-six (46) payments during that timeframe. The Estate challenges this ruling in its first issue on appeal.

Both parties timely filed post-trial motions; the court denied all post-trial motions on August 27, 2013.  The Estate filed a notice of appeal on September 10, 2013, and Mr. Levin filed a cross-appeal on September 24, 2013.  On November 7, 2013, the court ordered (by separate orders) both parties to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one (21) days of the court's order.  Mr. Levin timely complied on November 25, 2013.  On January 3, 2014, the Estate filed its concise statement.  On January 6, 2014, the Estate filed a *praecipe* for entry of final judgment on the verdict, which the court entered that day.[5]

At No. 2649 EDA 2013, the Estate raises the following issues for our review:

> WHETHER THE SENTENCE IN THE AMENDED COMPLAINT "[MR. LEVIN] DID MAKE MONTHLY PAYMENTS OF $1,666.66 FROM NOVEMBER, 2006 UNTIL AUGUST, 2010 BUT HAS MADE ONLY ONE PAYMENT OF $1,666.67 SINCE THEN, ON FEBRUARY 11, 2011" IS TO BE CONSTRUED AS AN ADMISSION AGAINST THE ESTATE THAT MR. LEVIN MADE **ALL** 46 PAYMENTS FROM NOVEMBER, 2006 UNTIL AUGUST, 2010, DESPITE THE FACT THAT (1) THE AMENDED COMPLAINT MAKES NO REFERENCE TO CONSECUTIVE PAYMENTS (AND IN FACT ATTACHES AS AN

---

[5] The Estate and Mr. Levin's notices of appeal relate forward to January 6, 2014, the date final judgment was entered and copies of the judgment were distributed to all appropriate parties.  **See** Pa.R.A.P. 905(a)(5) (stating notice of appeal filed after court's determination but before entry of appealable order shall be treated as filed after such entry and on date of entry).  Thus, the timeliness of these appeals as well as this Court's jurisdiction are not in question.

EXHIBIT PAYMENT HISTORY WHICH CLEARLY SHOWS THAT MR. LEVIN ONLY MADE 26 PAYMENTS IN THAT TIME FRAME), (2) THE EVIDENCE AT TRIAL WAS THAT MR. LEVIN MISSED NUMEROUS PAYMENTS IN THAT TIMEFRAME, (3) A LETTER FROM MR. LEVIN'S OWN ATTORNEY CORROBORATED HIS CLIENT'S PAYMENT HISTORY, AND (4) THE TESTIMONY AT TRIAL WAS UNCONTRADICTED BECAUSE MR. LEVIN DID NOT APPEAR AT TRIAL AND DID NOT PUT ON ANY OF HIS OWN EVIDENCE?

DID THE [TRIAL] COURT COMMIT ERROR BY MISCALCULATING THE INTEREST DUE ON THE AGREEMENT AND NOTE, WHERE THE AGREEMENT PROVIDES THAT, UPON A DEFAULT, INTEREST WOULD BE CALCULATED AS SET FORTH IN THE ATTACHED PROMISSORY NOTE "WITH ACCUMULATED INTEREST TO BE CALCULATED FROM THE DATE OF THE ORIGINAL PROMISSORY NOTE"?

DID THE [TRIAL] COURT COMMIT ERROR BY EXCLUDING THE PAYMENT HISTORY FROM EVIDENCE ON THE BASIS OF PENNSYLVANIA RULE OF EVIDENCE 1006?

(Estate's Brief at 2) (emphasis in original).

At No. 2832 EDA 2013, Mr. Levin raises the following issues for our review:

WHETHER THE TRIAL COURT ERRED BY CALCULATING INTEREST BASED UPON A PROMISSORY NOTE WHICH WAS NOT SIGNED BY [MR. LEVIN] IN THE ABSENCE OF ANY EVIDENCE THAT [MR. LEVIN] EVER AGREED TO OR EVEN SAW THE UNSIGNED PROMISSORY NOTE?

WHETHER, IN THE ABSENCE OF ANY EVIDENCE OF THE AMOUNT OF INTEREST AGREED TO BY THE PARTIES, THE TRIAL COURT SHOULD HAVE SUPPLIED THIS TERM OR WHETHER THE TRIAL COURT SHOULD HAVE REFUSED TO ORDER [MR. LEVIN] TO PAY ANY INTEREST?

WHETHER THE TRIAL COURT SHOULD BE PERMITTED TO AMEND ITS ORDER IN ORDER TO CORRECT A

MATHEMATICAL ERROR?

(Mr. Levin's Brief at 2).

As a preliminary matter, we observe that appellants must timely comply whenever the trial court orders them to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998). Regarding civil cases,

> Our Supreme Court intended the holding in **Lord** to operate as a bright-line rule, such that failure to comply with the minimal requirement of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised. Given the automatic nature of this type of waiver, [this Court is] required to address the issue once it comes to [this Court's] attention. Indeed, our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b): A bright-line rule eliminates the potential for inconsistent results that existed prior to **Lord**, when appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements. Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.
>
> \*  \*  \*
>
> [Additionally], it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues. Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived….

**Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224-25 (Pa.Super. 2014) (*en banc*) (internal citations and

quotation marks omitted) (emphasis in original) (holding appellant waived all issues on appeal where appellant submitted untimely Rule 1925(b) statement three days late; record showed no evidence that appellant sought, and trial court granted, extension of time for filing concise statement). In civil cases, under Rule 1925(b): (1) the trial court must issue an order directing an appellant to file a concise statement of errors complained of on appeal within twenty-one (21) days of that order; (2) the trial court must file the order with the prothonotary; (3) the prothonotary must enter the order on the docket; (4) the prothonotary must give written notice of the entry of the order to each party, pursuant to Pa.R.C.P. 236; and (5) the prothonotary must record Rule 236 notice on the docket. *See* Pa.R.A.P. 1925(b); *Forest Highlands Community Ass'n v. Hammer*, 879 A.2d 223 (Pa.Super. 2005).

Instantly, the Estate filed its notice of appeal on September 10, 2013. On November 7, 2013, the trial court entered an order (recorded on the docket) directing the Estate to file a concise statement of errors complained of on appeal within twenty-one (21) days of the court's order. The docket expressly indicates the court issued Rule 236 notice to the Estate on November 7, 2013. Additionally, the court's order clearly states that any issue not properly included in the timely filed and concurrently served concise statement, will be deemed waived. Notwithstanding the clear language of the court's order (which also appears in its entirety on the

docket), the Estate did not file its concise statement until January 3, 2014. The certified record contains no indication that the Estate sought, or that the trial court granted, an extension of time for the Estate to file its concise statement. Additionally, the Estate provides no excuse on appeal for its untimely filing. The fact that the trial court addressed some of the Estate's appellate issues is of no moment.[6] *See Presque Isle Downs, Inc., supra*. Thus, the Estate's failure to file a timely Rule 1925(b) statement in accordance with the court's order compels waiver of the Estate's issues on appeal.[7] *See id.*

_____

[6] The trial court's opinion did not address the Estate's second issue on appeal because the Estate did not include that issue in its untimely concise statement. Consequently, had the Estate filed a timely Rule 1925(b) statement, we would have deemed the second issue waived in any event. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating issues not included in concise statement are waived). Further, regarding the Estate's third issue on appeal, the Estate claims that even if the court properly excluded the Estate's summary of Mr. Levin's payment history under Pa.R.E. 1006 (governing summaries to prove content), the summary of Mr. Levin's payment history constitutes an admissible business record under Pa.R.E. 803(6) (governing records of regularly conducted activity). The Estate raises this claim for the first time on appeal, so even if the Estate had timely filed its concise statement, this particular argument would also be waived. *See id. See also* Pa.R.A.P. 302(a) (stating issues not raised in trial court are waived and cannot be raised for first time on appeal).

[7] Rule 1925(b) provides for limited instances in which appellate courts may remand in civil cases to cure defects in Rule 1925 practice. *See* Pa.R.A.P. 1925(c)(1) (stating appellate court may remand in civil or criminal case for determination as to whether concise statement had been filed and/or served or timely filed and/or served); Pa.R.A.P. 1925(c)(2) (explaining upon application of appellant and for good cause shown, appellate court may remand in civil case for filing *nunc pro tunc* of concise statement or for
*(Footnote Continued Next Page)*

For purposes of disposition of the cross-appeal, we combine Mr. Levin's first and second issues. Mr. Levin admits he signed the 2006 Agreement, which obligated him to make payments of $1,666.66 to the Estate each month for a total of ninety (90) months. Mr. Levin argues that the 2006 Agreement does not expressly delineate the amount of interest owed in the event of a default. Rather, Mr. Levin explains the 2006 Agreement refers to an "attached Promissory Note" for purposes of calculating interest in the event of a default. Mr. Levin emphasizes that the document referred to in the 2006 Agreement does not contain his signature. Mr. Levin avers the 2006 Agreement provides at ¶10, that Mr. Levin "shall re-sign the copy of the attached Promissory Note." Mr. Levin insists the Estate failed to produce evidence that Mr. Levin ever signed the original 2003 Note or re-signed the 2003 Note. Mr. Levin maintains the Estate similarly did not provide evidence that the 2003 Note was attached to the

_(Footnote Continued)_ _____

amendment or supplementation of timely filed and served concise statement). Neither circumstance is present in the instant case because the record makes clear the Estate filed its concise statement after the twenty-one day deadline set forth in the court's Rule 1925(b) order; and the Estate has not filed an application based on "good cause" for _nunc pro tunc_ relief. **_See Presque Isle Down, Inc., supra_** at 227 n.7 (explaining limited remand provisions under Rule 1925(c)(1) and (c)(2) did not afford appellant relief where record unequivocally established filing date and content of trial court's Rule 1925(b) order, as well as filing date and content of appellant's concise statement; remand per Rule 1925(c)(1) would consume additional judicial and litigant resources to no apparent purpose; remand per Rule 1925(c)(2) is also improvident because appellant did not file application for _nunc pro tunc_ relief and has not demonstrated, or sought to demonstrate, "good cause" related to late filing).

2006 Agreement at the time Mr. Levin signed the 2006 Agreement. Mr. Levin highlights that none of the Estate's witnesses were present when Mr. Levin signed the 2006 Agreement. Mr. Levin submits the 2006 Agreement contains no identification of the "attached Promissory Note" to support the Estate's position that the 2003 Note is the document referred to in the 2006 Agreement. In the absence of a copy of the 2003 Note actually signed by Mr. Levin, he contends the Estate failed to establish that it is entitled to any interest. Mr. Levin concludes the trial court's interest calculation was erroneous, and this Court must remand for reduction of the judgment, without any interest. We disagree.

Our standard of review is as follows:

> The interpretation of any contract is a question of law and this Court's scope of review is plenary. Moreover, we need not defer to the conclusions of the trial court and are free to draw our own inferences. In interpreting a contract, the ultimate goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement. When construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties' understanding. This Court must construe the contract only as written and may not modify the plain meaning under the guise of interpretation.

*Southwestern Energy Production, Co. v. Forest Resources, LLC*, 83 A.3d 177, 187 (Pa.Super. 2013), *appeal denied*, ___ Pa. ___, 96 A.3d 1029 (2014) (quoting *Humberston v. Chevron U.S.A., Inc.*, 75 A.3d 504, 509-10 (Pa.Super. 2013)).

Additionally:

> **It is a general rule of law in this Commonwealth that where a contract refers to and incorporates the provisions of another, both shall be construed together**. It is well-settled that clauses in a contract should not be read as independent agreements thrown together without consideration of their combined effects. Terms in one section of the contract, therefore, should never be interpreted in a manner which nullifies other terms of the same agreement. Furthermore, the specific controls the general when interpreting a contract.

*Southeastern Energy Production, supra* at 187 (quoting *Trombetta v. Raymond James Financial Services, Inc.*, 907 A.2d 550, 560 (Pa.Super. 2006)) (emphasis added).

Instantly, the trial court addressed Mr. Levin's complaints as follows:

> At trial, both parties stipulated that [Mr.] Levin signed the 2006 Agreement. The 2006 Agreement explicitly refers to the [2003 Note] in the following paragraphs:
>
> > [2]. In addition to the principal balance due, interest has accumulated and is due and owing by [Mr.] Levin to the Estate…, **the terms and calculation of which are more fully set forth in a Promissory Note attached hereto and made part hereof**.
> >
> > [*    *    *]
> >
> > 8. In the event that [Mr.] Levin defaults in payment of the principal payments due hereunder, the [Estate] shall have the right to accelerate and demand full payment of both principal and accumulated interest, **with interest to be calculated as set forth in the terms of the attached Promissory Note, with accumulated interest to be calculated from the date of the original [P]romissory [N]ote, and shall have the right to exercise any and all rights provided in the Promissory Note, including, but not limited to, an action in Confession of Judgment**.

> 9. The terms [and] provisions of said Promissory Note are incorporated herein and made part hereof.
>
> 10. [Mr.] Levin shall re-sign the copy of the attached Promissory Note.
>
> *See* The 2006 Agreement ¶¶ 2, 8, 9, 10 (Exhibit A) (emphasis added).
>
> The Estate has proven that it was more likely than not that [Mr.] Levin agreed to the [2003 Note] because its terms were incorporated into the signed 2006 Agreement.

(Trial Court Opinion, filed May 21, 2014, at 5) (emphasis in original). We accept the trial court's analysis.

Significantly, Mr. Levin was not present at trial; and the defense proffered no testimony or evidence to support Mr. Levin's "suggestions" that he did not agree to the terms of the 2003 Note or that the 2003 Note was not attached to the 2006 Agreement at the time Mr. Levin signed it.[8] As the trial court explained, the 2006 Agreement refers to and incorporates by reference the provisions of an attached promissory note in four (out of fifteen) paragraphs of the 2006 Agreement. The 2006 Agreement and 2003 Note both refer to the same principal amount of $150,000.00 loaned to Mr. Levin. Additionally, the Estate highlighted at trial that the 2003 Note contains an initialed signature next to the last paragraph of the 2003 Note

_____

[8] Mr. Levin does not actually claim that he did not agree to the terms of the 2003 Note or that the 2003 Note was not attached to the 2006 Agreement at the time he signed it. Rather, Mr. Levin argues the Estate failed to prove otherwise.

- 13 -

(providing the confession of judgment clause). The Estate argued the initials (which are illegible) are Mr. Levin's initials. Further, the Estate argued that the facsimile designation at the top of the 2006 Agreement and 2003 Note demonstrated the documents were attached because the facsimile denotes a transmission of fifteen (15) pages.[9]

The parties stipulated that Mr. Levin signed the 2006 Agreement, so Mr. Levin knew at the time of signing that the 2006 Agreement referred to and incorporated by reference the terms of another agreement. The language of the 2006 Agreement evidences Mr. Levin's intent to be bound by the terms of "the attached Promissory Note." *See Southeastern Energy Production, supra*. The record supports the trial court's decision that the "attached Promissory Note" referred to and incorporated by reference in the 2006 Agreement is the 2003 Note, and that Mr. Levin agreed to its terms. Because Mr. Levin's challenge to the court's interest calculation turns on whether he agreed to the terms of the 2003 Note, Mr. Levin is entitled to no relief on this claim. *See id.*

In his third issue, Mr. Levin argues the trial court made a mathematical error when calculating the amount of payments Mr. Levin made to the Estate. Specifically, Mr. Levin claims the trial court counted forty-six (46) payments (from November 2006 through August 2010) in

---

[9] The 2006 Agreement is five (5) pages. The 2003 Note is nine (9) pages.

making its calculation, but the court omitted the payment Mr. Levin made in February 2011. Mr. Levin submits this error also led the trial court to calculate incorrectly the amount of interest Mr. Levin owed to the Estate. Mr. Levin concludes this Court should remand for correction of the trial court's mathematical error. We disagree.

Preliminarily, "the filing of post-trial motions is mandatory if a litigant wishes to preserve issues for appellate review. … If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." **Diamond Reo Truck Co. v. Mid-Pacific Industries, Inc.**, 806 A.2d 423, 428 (Pa.Super. 2002). "The importance of filing post-trial motions cannot be overemphasized." **Id.** "This is not blind [insistence] on a mere technicality since post-trial motions serve an important function in adjudicatory process in that they afford the trial court in the first instance the opportunity to correct asserted trial error and also clearly and narrowly frame issues for appellate review." **Id.** (quoting **Fernandes v. Warminster Mun. Auth.**, 442 A.2d 1174, 1175 (Pa.Super. 1982)). **See also** Pa.R.C.P. 227.1 (governing post-trial relief). Further, inclusion of an issue in a Rule 1925(b) statement does not cure the failure to preserve that issue in a timely filed post-trial motion.[10] **Diamond Reo Truck Co., supra** at 429.

---

[10] Mr. Levin seems to acknowledge this legal principle because he claims the Estate waived its second issue on appeal for failure to include it in the Estate's post-trial motion. (**See** Mr. Levin's Brief at 16.)

- 15 -

Instantly, Mr. Levin did not raise his challenge to the court's alleged mathematical error in his post-trial motion. Thus, Mr. Levin's third issue is waived. **See id.**

Moreover, in the trial court's findings of fact and conclusions of law, the court stated Mr. Levin made aggregate payments in the amount of $76,666.36, leaving a balance owed on the principal of $73,333.64. This statement omitted a calculation for Mr. Levin's February 2011 payment. Nevertheless, when actually calculating the amount owed, the court later stated in its findings of fact and conclusions of law that Mr. Levin owed only $71,666.98. Thus, the court properly credited Mr. Levin with the February 2011 payment when making its calculation concerning the balance owed on the principal. (**See** Findings of Fact and Conclusions of Law, filed 6/12/13, at 1-2.) The only potential for error concerns the court's assessment of interest as to this payment. The trial court suggests it should not have assessed Mr. Levin interest for February 2011. Assuming without deciding that the court's interest calculation for February 2011 was erroneous, the record makes clear Mr. Levin has already received a huge windfall based on the trial court's procedural ruling concerning the Estate's judicial admission. The Estate claimed Mr. Levin made only twenty-six (26) payments between November 2006 and August 2010, but based on the court's procedural ruling, it credited Mr. Levin for forty-six (46) payments during that timeframe. The court's ruling necessarily impacted the interest calculation,

- 16 -

further benefitting Mr. Levin. Nothing in the record indicates that Mr. Levin actually made the forty-six (46) payments to the Estate between November 2006 and August 2010. Based on our disposition of waiver of Mr. Levin's third issue, and under the circumstances of this case, we decline Mr. Levin and the trial court's invitation to remand for correction of any minor mathematical error. Accordingly, we affirm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2015