J-S23002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SAMUEL T. ROSS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM, KATHERINE FLEMING-COHEN AND KASHYAP PANGANAMAMULA, M.D., | |
| Appellees | No. 1238 EDA 2016 |

Appeal from the Order March 17, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): Mat Term, 2015 No. 1225

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 06, 2017**

Appellant, Samuel T. Ross, currently an inmate at the State Correctional Institution at Somerset, Pennsylvania, appeals *pro se* from the trial court's March 17, 2016 order denying his petition to open a judgment of *non pros* entered in favor of Appellees, University of Pennsylvania, Katherine Fleming-Cohen, CNRP, and Kashyap Panganamamula, M.D.  We affirm.

The factual and procedural history of this matter is as follows.  On May 13, 2015, Appellant commenced a medical malpractice action seeking damages under the Pennsylvania Wrongful Death Act[1] and Survival Act[2]

---

[1]  42 Pa.C.S.A. § 8301.

following the death of his father, Samuel Jones, on June 12, 2013. Trial Court Opinion, 11/07/2016, at 1. Appellant's complaint alleged that he is the son and sole beneficiary of the estate of Samuel Jones. *Id.* The complaint further alleged that Appellees failed to diagnose decedent Samuel Jones' lung cancer. On July 7, 2015, Appellees filed and served on Appellant a notice of their intent to seek entry of a judgment of *non pros*, based on Appellant's failure to file and serve a certificate of merit accompanied by a written statement from a qualified expert.[3] *Id.*

On July 10, 2015, Appellant mailed a motion for extension of time to file a certificate of merit to the clerk of courts. On July 16, 2015, the motion was sent back to Appellant with a note indicating that he was required to resubmit the motion to the appropriate office. Appellant's Brief at 8, Exhibit A.[4] Appellant resubmitted his motion to the prothonotary's office. Once again, it was returned to him for lack of a cover sheet. Finally, on August 3,

---

*(Footnote Continued)*

[2] 42 Pa.C.S.A. § 8302.

[3] For all professional liability claims, the attorney for the plaintiff, or the plaintiff if not represented, must file a certificate of merit within 60 days of the filing of the complaint. *See* Pa.R.Civ.P. 1042.3. The filing of the certificate of merit certifies that an appropriate licensed professional has reviewed the treatment, practice, or work that is the subject of the complaint, and believes there is a reasonable probability that the treatment, practice, or work fell outside acceptable professional standards and that such conduct was a cause in bringing about the alleged harm. *Id.*

[4] The exhibits referred to fall under "Exhibit A" subcategories D and E.

2015, Appellant resubmitted his motion to the prothonotary complete with a coversheet.

When neither a certificate of merit nor a written statement from a qualified expert was forthcoming, Appellees, on August 7, 2015, filed a praecipe for entry of a judgment of *non pros*. *Id.* at 2. A judgment of *non pros* against Appellant was entered on the docket on that same date. On August 28, 2015, Appellant filed a motion objecting to Appellees' praecipe for entry of a judgment of *non pros*. *Id.* The trial court denied Appellant's motion on November 30, 2015. On December 4, 2015, Appellant filed a petition to open the judgment of *non pros*, which the trial court denied on March 17, 2016. *Id.* This appeal followed.

Appellant presents five issues for appeal:

Whether the Philadelphia County clerk of courts [] erred in not transferring [Appellant's] timely mailed motion for extension to file a certificate of merit to the [] prothonotary's office[,] where the law mandates the motion be treated [] as if originally filed in the transferee division on the date first filed in a court?

Whether the Philadelphia County prothonotary's office erred in not accepting for filing [Appellant's] motion for extension of time to file a certificate of merit which was received by the prothonotary [] prior to the praecipe for judgment of *non pros*?

Whether [Appellant] was unlawfully prevented from filing a timely motion for extension of time to file a certificate of merit due to the negligence of court officials and a breakdown within the court system[,] which resulted from the actions of the clerk of court and prothonotary in not accepting for filing [Appellant's] motion for extension which would have prohibited the entry of judgment of *non pros*?

Whether the Philadelphia County prothonotary's office erred in not giving a written notice of entry of judgment of *non pros* to [Appellant] as required by [Pa.R.C.P.] 236?

Whether the [trial] court abused its discretion and/or committed an error of law by denying [Appellant's] petitions to open the judgment of *non pros* where [Appellant] demonstrated that a timely motion for extension of time to file a certificate of merit was mailed to the clerk of court, to the [Appellees,] and to the prothonotary prior to the entry of judgment *non pros*?

Appellant's Brief at 3-4 (complete capitalization omitted).

Our standard of review of an order denying a petition to open and/or strike a judgment of *non pros* is as follows:

When reviewing a petition to open and/or strike a judgment of *non pros* pursuant to Pa.R.C.P. 1042.6, our Court may reverse the decision of the trial court only if we find that the trial court abused its discretion in reaching its determination. It is well-established that a motion to strike off a judgment of *non pros* challenges only defects appearing on the face of the record and that such a motion may not be granted if the record is self-sustaining.

***Ditch v. Waynesboro Hosp.***, 917 A.2d 317, 324-325 (Pa. Super. 2007) (citations omitted). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." ***Braun v. Target Corp.***, 983 A.2d 752, 760 (Pa. Super. 2009).

Appellant's first three issues are interrelated and assert, in essence, that Appellant is entitled to relief because he timely moved for an extension

of time in which to file a certificate of merit. Appellant commenced this action on May 13, 2015, thus he had 60 days, or until July 12, 2015, to file a certificate of merit pursuant to Pa.R.C.P. 1042.3(a)(1) (requiring, at time of filing complaint or within 60 days thereafter, a certificate of merit signed by attorney or party in all cases alleging that a licensed professional deviated from an acceptable professional standard). When no certificate of merit was filed, Appellees filed notice of their intent to enter a judgment of *non pros* on July 7, 2015. Appellant thus had until August 6, 2015 to file a motion to extend time for a filing of a certificate of merit.[5] Appellant mailed his motion for extension of time on August 3, 2015. On August 6, 2015, the motion was stamped as received. Appellant's Brief at Appendix B. However, the motion was not filed until August 11, 2015.

As this Court has explained, under the "prisoner mailbox rule," a legal document is deemed filed by an incarcerated litigant, proceeding *pro se*, on the date it is delivered to the proper prison authority or deposited in the prison mailbox. ***Thomas v. Elash***, 781 A.2d 170, 176 (Pa. Super. 2001).

---

[5] Pa.R.C.P. 1042.3(d) states: "[t]he court, upon a good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of intention to enter judgment of *non pros* on a professional liability claim under Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit, whichever is greater."

Applying this rule in the present case, we will consider Appellant's motion to have been filed on the date it was deposited in the prison mailbox, August 3, 2015.[6] This renders his motion for an extension of time in which to file a certificate of merit timely. However, despite Appellant's timely request for an extension of time, Appellant is not entitled to relief because, as is explained more fully below, an extension of time was not granted and he failed to comply with Rule 1042.3 by failing to submit a certificate of merit.

We turn now to Appellant's fourth issue, which asserts that he did not receive notice of the entry of judgment of *non pros*. Appellant claims the prothonotary failed to issue written notice of the entry of judgment of *non pros* as required by Pa.R.C.P. 236.[7] This Court discussed this very issue in **Mumma v. Boswell, Tintner, Piccola & Wickersham**, 937 A.2d 459, 464 (Pa. Super. 2007), finding that the prothonotary did not properly enter a judgment of *non pros* because the docket entries conclusively established the prothonotary did not provide written notice of the entry of the judgment to the appellant and failed to docket any notice. However, the docketing

---

[6] Because we apply the prisoner mailbox rule, we find Appellant's first two arguments regarding the transfer of his motion for an extension of time, and the return of the motion for failure to attach a coversheet, are moot.

[7] Pa.R.C.P. 236(a) states in pertinent part "[t]he Prothonotary shall immediately give written notice of the entry of . . . (2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment."

statement in this case clearly indicates that notice was issued under Rule 236 on August 7, 2015, the date the judgment of *non pros* was entered against Appellant. Additionally, Appellees forwarded notice of the judgment to Appellant.

In any event, the alleged lack of notice and any resulting delay in Appellant's request to open the judgment of *non pros* is not at issue here. As the trial court stated, "[t]his [c]ourt would have opened the judgment of *non pros* and allowed this action to go forward had the [Appellant] come forward with any shred of evidence, however [minute], to show that he had even so much as contacted a licensed professional in connection with this case." Trial Court Opinion, 11/7/2016, at 4. Appellant's fourth claim merits no relief since the record reflects that he received notice of the judgment of *non pros* and that the timing of his objection to the entry of the judgment – supposedly caused by the lack of notice of the judgment of *non pros* - was not the basis for the trial court's ruling.

We now turn to Appellant's last issue. First, we note that "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***In re Ullman***, 995 A.2d 1201, 1211-1212 (Pa. Super. 2010). Indeed, [t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and

substantive law." ***Jones v. Rudenstein***, 585 A.2d 520, 522 (Pa. Super. 1991).

Pennsylvania Rule of Civil Procedure 3051 sets forth the requirements for seeking relief from a judgment of *non pros*:

> (a)     Relief from a judgment of *non pros* shall be sought by petition.  All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

***

> (e)     Except as provided in subdivision (c), if the relief sought includes the opening of the judgment, the petition shall allege facts showing that: (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*, and (3) there is a meritorious cause of action.

Pa.R.C.P. 3051.   Failure to provide a certificate of merit and a written statement from a licensed professional, as required by Rule 1042.3, formed the basis for the trial court's denial of the motion to open the judgment of *non pros.*  Appellant has offered no excuse for his failure to comply with Rule 1042.3, and therefore is unable to demonstrate "a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*." Pa.R.C.P. 3051(b)(2).  Appellant filed a motion for extension of time to submit a certificate of merit but, absent an order granting said motion, Appellant was required to fill the certificate within 60 days of the filing of the complaint.   Without a written statement from a licensed professional, Appellant is unable to establish that his cause of action is

meritorious. ***See Womer v. Hilliker***, 908 A.2d 269, 280 (Pa. 2006) (finding trial court acted well within its discretion in entering a judgment of *non pros* against plaintiff who failed to file a certificate of merit). While we are sympathetic to the fact that Appellant is incarcerated and proceeding *pro se*, this does not excuse his failure to comply with the rules. Consequently, we affirm the judgment of *non pros*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2017