J-S53017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FESTUS KANDJABANGA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DREXEL UNIVERSITY | : | No. 3325 EDA 2017 |

Appeal from the Order September 15, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  July Term 2015, No. 01125

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY OTT, J.:                     **FILED NOVEMBER 1, 2018**

Festus Kandjabanga appeals, *pro se*, from the order entered September 15, 2017, in the Court of Common Pleas of Philadelphia County, denying Kandjabanga's petition for relief from *non pros*.[1]  The trial court had previously granted Drexel University's motion for *non pros* on July 24, 2017, when the

_____

* Retired Senior Judge assigned to the Superior Court.

[1] The cover sheet for the motion labels the document as a "Petition to Strike Non Pros", although the petition itself states, "Petition for Relief / To Open or Strike Judgment of Non Pros".  A petition to strike is a common law remedy that acts as a demurrer to the record. **See Mumma v. Boswell, et al**, 937 A.2d 459 (Pa. Super. 2007).  A petition to open is an appeal to the equitable powers of the trial court and has three requirements: the petition must be timely, it must allege facts showing there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment, and, it must allege facts showing there is a meritorious cause of action.  **See** Pa.R.C.P. 3051(b).  Because there is nothing about the document that indicates it is acting as a demurrer to the record, we believe the trial court properly treated it as a petition to open the *non pros*.

trial court determined Kandjabanga was not prepared to proceed with the scheduled jury trial. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The underlying facts of this matter are difficult to discern as Kandjabanga is not an attorney and has not set forth facts or claims in any of his complaints, up to the most recent third amended complaint, in anything resembling a cogent fashion. However, it appears that Kandjabanga is a student at Drexel University studying either architecture or construction management. The architecture program is not a full-time program and Kandjabanga was accordingly allowed to take supplemental classes at the Community College of Philadelphia (CCP), where he had apparently been previously enrolled. When Kandjabanga sought to change from architecture to construction management, a full-time program, Drexel required Kandjabanga to take all his classes at Drexel. Kandjabanga appears to believe this requirement breached a contract with Drexel, which had previously allowed him to take classes for credit at CCP. Kandjabanga also appears to believe the requirement was forced on him due to his racial heritage, although there are no separate counts based upon this alleged discrimination.[2]

---

[2] We quote paragraphs 3-6 of Kandjabanga's Third Amended Complaint:

> 3. Defendant [sic] was admitted in the University in Fall 2011 as an Architectural Major which does not offer full time program.

J-S53017-18

Relevant procedural history is provided by the trial court opinion, dated May 22, 2018.

> On June 16, 2017, the parties failed to arrive on time for their scheduled pretrial conference. To avoid the appearance of impropriety created by conducting separate pretrial conferences in an *ex parte* fashion, this Court entered a pretrial order scheduling this matter for a non-jury bench trial to take place on July 24, 2017. Upon receipt of the pretrial order scheduling a non-jury bench trial, [Kandjabanga] contacted chambers, forwarded letters to chambers, and filed various pleadings in the above-captioned matter challenging this Court's decision to resolve this dispute in a non-jury bench trial. [Kandjabanga] objected to the fact that his jury demand had been struck and requested that his matter be tried before a jury. This Court granted [Kandjabanga's] request to reconsider his jury demand, had ordered a jury panel

---

> 4. On February 27, 2013, plaintiff wanted to switch[] from part time architecture to full time construction program which is having a benefit of co-op.

> 5. Plaintiff his [sic] tentative schedule for full time construction management program was revoked on February 27, 2013 by construction program manager Dr. Tsafos when he saw the color of his skin by telling him that he is not qualified to be full time student and he need 30 credits to come in his program as full time student and most of his credits will not be accepted from part time construction to full time.

> 6. The University decided to make plaintiff full time student in construction program after plaintiff reported construction program manager Dr. Tsafos to Provost Toni Torres around September 2013 for unequal treatment when Dr. Tsafos denied plaintiff an Equal Education Opportunity to full time construction program which is having a benefit of co-op but Dr. Tsafos later accepted all of 100 credits for plaintiff to full time program.

Kandjabanga's Third Amended Complaint, ¶¶ 3-6, January 17, 2017.

for selection, and was prepared to commence with trial on July 24, 2017.

Unfortunately, [Kandjabanga] was not prepared to proceed with a jury trial when this action was called to trial. For nearly two hours, this Court asked [Kandjabanga] at least 19 times to demonstrate that he understood how to conduct a jury trial and to show that he was prepared to proceed. [Kandjabanga] failed to answer this Court's questions. He could not explain the basis of his contract claim against Drexel, and he could not explain how he intended to conduct jury selection, introduce evidence at trial or question witnesses.

Trial Court Opinion, 5/22/2018, at 1-2.

Eventually, Drexel moved for *non pros* based upon Kandjabanga's demonstrated inability to proceed with a jury trial. The trial court granted Drexel's motion. Subsequently, Kandjabanga filed a timely petition to open the *non pros*. However, the substance of that petition did not address the requirements to open a *non pros*.[3] Relevant to our resolution of this appeal, the petition did not seek to explain why Kandjabanga was not prepared to

---

[3] Substantively, the petition is three paragraphs long. The first paragraph addresses the trial court's unilateral striking of Kandjabanga's jury demand. The record demonstrates this action was rescinded. The second paragraph also addresses the rescinded non-jury order as well as a bald statement that University President John Fry "gave Office of Civil Right false information when they were investigating racial discrimination in 2014 which is a violation of the terms of contract COP-4 improper conduct." Petition to Open or Strike Judgment of Non Pros at ¶ 2. The third paragraph again addresses the rescinded non-jury order as well as a complaint that a prior judge in the matter had committed misconduct. Our review of the record leads to the conclusion that this refers to Kandjabanga's assertion that the prior judge had improperly denied Drexel's preliminary objections and allowed the case to proceed.

proceed with the jury trial he had requested and had been notified would begin on July 24, 2017.

After the trial court denied Kandjabanga's petition to open without discussion, Kandjabanga filed the instant appeal.[4] Accordingly, the only issues properly preserved for review were those raised in the three-paragraph petition to open.

> Relief from a judgment of non pros shall be sought by petition. *All grounds for relief*, whether to strike off the judgment or to open it, *must be asserted in a single petition*.

Pa.R.C.P. 3051(a) (emphasis added).

"A trial court's decision to deny a petition to open or strike a judgment of *non pros* is scrutinized on the abuse of discretion standard of appellate review." ***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380, 382 (Pa. Super. 2011).

Here, Kandjabanga's petition to open failed to set forth facts that showed either a reasonable explanation for his failure to be prepared to proceed to jury trial or that he had a meritorious cause of action. **See** Footnote 3, **supra**. We have reviewed the notes of testimony of July 24, 2017 and must agree with the trial court that Kandjabanga demonstrated a singular lack of knowledge or ability to proceed to jury trial. He had no concept of how to pick a jury, no concept of what he had to prove to prevail, how to question a

---

[4] The day after he filed his notice of appeal, Kandjabanga filed a 150-page motion for reconsideration of the denial of the three-paragraph petition to open. This motion was filed the day after Kandjabanga filed his notice of appeal, and was properly denied by the trial court.

witness or how to present evidence. The trial court offered him the opportunity to proceed non-jury where a certain latitude for inexperience might have been given. However, Kandjabanga rejected the opportunity, apparently believing it was an effort to subvert his rights. Further, statements such as his comments that University President John Fry had provided some manner of false information to another entity, standing alone, provide no real clue to a meritorious cause of action for breach of contract. Clearly, an accusation that a different trial judge committed judicial misconduct by ruling in Kandjabanga's favor supports no cause of action at all.

Kandjabanga's appellate brief is a model of incomprehensible allegations and statements. We do not see how it relates to his petition to open. Kandjabanga attempts to save his cause of action by labelling sections of his brief "There is a reasonable explanation or legitimate excuse…"[5] and "There is a meritorious cause of action"[6], but these arguments did not appear in the petition to open and must be deemed waived. "Failure to file a timely or *rule-compliant* petition to open operates as a waiver of any right to address issues concerning the underlying judgment of non pros." **Madrid v. Alpine Mountain Corp.**, 24 A.3d 380, 382 (Pa. Super. 2011) (emphasis added). Further, as the brief is a jumble of disjointed ideas and *non sequitur*, it provides no support for relief.

---

[5] Section VI A.

[6] Section VII C.

Finally, even if Kandjabanga had preserved any issue, we would deny relief based upon the sound trial court opinion of Judge John M. Younge, dated May 22, 2018. This opinion details what transpired at the July 24, 2017 call to trial and the efforts taken by the trial court to aid Kandjabanga, but which ultimately led to the justified entry of *non pros* and the subsequent denial of the petition to open. [7] The parties are directed to attach a copy of the trial court's May 22, 2018, opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/1/18

---

[7] We do not believe that anything can adequately convey the nature of the notes of testimony and 13,000+ page certified record in this matter.

IN THE COURT OF COMMOM PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| FESTUS KANDJABANGA | : | |
| | : | July Term, 2015 |
| | : | No. 01125 |
| | : | |
| v. | : | 3325 EDA 2017 |
| | : | 2703 EDA 2017 |
| | : | 2705 EDA 2017 |
| | : | 2489 EDA 2017 |
| DREXEL UNIVERSITY | : | |

## OPINION

Younge, J.                                                                May 22, 2018

### I.    Facts:

On June 16, 2017, the parties failed to arrive on time for their scheduled pretrial conference. To avoid the appearance of impropriety created by conducting separate pretrial conferences in an *ex parte* fashion, this Court entered a pretrial order scheduling this matter for a non-jury bench trial to take place on July 24, 2017. Upon receipt of the pretrial order scheduling a non-jury bench trial, the Plaintiff contacted chambers, forwarded letters to chambers, and filed various pleadings in the above-captioned matter challenging this Court's decision to resolve this dispute in a non-jury bench trial. The Plaintiff objected to the fact that his jury demand had been struck and requested that his matter be tried before a jury. This Court granted the Plaintiff's request to reconsider his jury demand, had ordered a jury panel for selection, and was prepared to commence with trial on July 24, 2017.

Unfortunately, the Plaintiff was not prepared to proceed with a jury trial when this action was called to trial. For nearly two hours, this Court asked the Plaintiff at least 19 times to demonstrate that he understood how to conduct a jury trial and to show that he was prepared to



proceed. (*Tr. Transcr.* at 7, 9, 12, 13, 16, 17, 21, 32, 33, 37, 44, 45, 49, 60, 63, 69, 74, 75, 78 (July 24, 2018).) The Plaintiff failed to answer this Court's questions. He could not explain the basis of his contract claim against Drexel, and he could not explain how he intended to conduct jury selection, introduce evidence at trial or question witnesses.

Specifically, on July 24, 2017, following preliminary introductions, this Court explained to the Plaintiff that he would need to demonstrate he understood how to conduct a jury trial because the documents that he had filed with this Court were incoherent:

> You subsequently indicated that you wanted to have a jury trial, which I am perfectly willing to do that. However, you are proceeding *pro se*. I must tell you that [I have read] your settlement memo and your writing [is] fairly incoherent. You have not the faintest idea what your cause of action is or how you intend to prove it, and I will not subject a jury to that level of assault on their time unless you can convince me that you have some way of understanding and understanding how to go about prosecuting a jury trial.

(*Id.* at 4-5.) This Court further explained that it had ordered a jury panel and was prepared to proceed to jury selection, "Anyone has the right to have a jury trial and to represent themselves if they know what they're doing. You have no right to select—have 40 citizens come here and sit here while you rant and rave. That is not what our system is." (*Id.* at 6-7.) This Court explained that it could provide him "a great deal more latitude to express your point" in a non-jury trial, but the Plaintiff would have to follow the rules of procedure if he wanted a jury trial:

> So what I said, you have a lot more latitude in a non-jury case where the judge hears the matter and makes a decision, but if you insist on having a jury trial, you must adhere to all rules, regulations, civil procedure and all things that are inherent in the conduct of a jury trial, which your lawyer would understand, but you don't have a lawyer. You don't have to have a lawyer if you don't want to, but if you decide to represent yourself, you must do the same thing as that gentleman there, and if you are not able to do that, I will throw the case out.

(*Id.* at 9-10).

2

In response to the Court's inquiry, the Plaintiff first said he wanted to talk about the pretrial conference. (*Id.* at 11.) Then, he asked what claims were left so he could form a defense:

> What do I have to do first before I have – I want to ask you a question. The procedures, how do see what is resolved and what is not resolved so that I will be able to formulate my defense.

(*Id.* at 13.) This Court explained he was not the defendant, and again told the Plaintiff that if he wanted a non-jury trial, he would not have to do points for charge, voir dire, or even opening statements. (*Id.* at 13-14.) Plaintiff then asked this Court to tell Drexel to provide a definite statement regarding affirmative defenses, and he argued that Drexel had a duty to report the Honorable Nina Wright Padilla to the Board of Judicial Conduct because she prejudiced him by overruling Drexel's preliminary objections:

> My question, you know, like different than he used affirmative defense on his answers without evidentiary support. I requested him -- I want him to give a definite statement to his affirmative defense. He refused to do that. He told me that I will not win by merit. I requested him to give a definite statement, because the previous time when I am here for more than two years the court made an error of law or legal error when Honorable Judge Padilla Wright overruled the motion for preliminary objection, dismissed it without prejudice so that I can cure my Complaint, and then I will have been excused for now if that error of law was not happen. The lawyer has a duty to report the judge when he find out that there is something which is not legal. Now, the lawyer fail to report that to prevent a delay; and number two.

(*Id.* at 15.) This Court told Plaintiff he needed to put on his case, not affirmative defenses. (*Id.* at 15-16.) The Plaintiff responded by talking about the motion for summary judgment. (*Id.* at 17.) This Court again told Plaintiff:

> [Y]ou have to convince me that you have some understanding of how to go about picking a jury, prosecuting a case, and taking the case to conclusion before a jury. If you don't have that, then I am going to say to you I can't allow you to do that. I can give you a lot more leeway in front of a judge but not before a jury if you don't know what you're doing.

3

(*Id.* at 18.) Instead, Plaintiff asked if he had a right to an attorney and returned to talking about Judge Wright Padilla making an "error of law" because she overruled Drexel's preliminary objections and that Drexel should have reported her to the Board of Judicial Conduct. (*Id.* at 21-29.) Then, he asked this Court to reconsider its motion for sanctions against Drexel for not reporting Judge Padilla Wright to the Board of Judicial Conduct. (*Id.* at 31-32.)

At this point in the proceeding, the Plaintiff had still failed to present a coherent explanation of his case, and this Court expressed its concern when it stated, "I don't understand why you're suing them. Drexel says according to counsel for Drexel that you're welcome to come back. You have not been dismissed. I don't know what you're trying to get." (*Id.* at 32.)

When this Court asked the Plaintiff to explain "what is the contract that you're talking about and how was it breached," he responded:

> MR. KANDJABANGA: Your Honor, these things were already educated in the Common Court, and now when you bring it to me, I was not expecting this to ask me the same...
> THE COURT: Mr. Kandjabanga, we're here for trial. This is the time you're supposed to say that. What do you mean you weren't expecting to bring forward your case? This is when you bring forward the case at trial.
> MR. KANDJABANGA: But we were already passed that. I was not -- we were supposed to hold a pretrial conference first so that we can discuss that to see what is the result and what is not the result.
> THE COURT: That is not what we were supposed to do. What we were supposed to do at the pretrial conference is to schedule it for trial. I scheduled it for trial. Here we are.

(*Id.* at 32-33.) This Court stated: "We're here for trial. You are supposed to be ready. You are not ready." (*Id.* at 35.) Mr. Kandjabanga simply had no idea how to select a jury or how to prosecute his case:

> MR. KANDJABANGA: I wrote -- I wrote it down. When we came to the jury, I think if they came, you tell us these are the jury. If there will be no instructions, it will be hard for me, but if you tell me that this is a jury and then we pick, and that will start. If it is not a statute, or if you will not allow it if there is a law which says

4

that we are not allowed to tell you these are the jury. If there is a law which prevent you from doing that, that's fine, but I know...

(*Id.* at 46.) This Court advised him again:

I will tell you again, Mr. Kandjabanga, if you would like to have a non-jury case, I can send your case to another judge on another day for a nonjury. If you insist on having a jury trial, I cannot allow you the way you are performing to attempt to do a jury . . . I've been talking to you for an hour now. You haven't followed one thing that I've talked about.

(*Id.* at 46, 49.) This Court stated on the record:

I am of the opinion having heard you speak now, you are incompetent to handle a jury trial. I will not impose that on 40 of our fellow citizens to make them sit and listen to you go...on and on...not answering questions, not attending to the court's orders, not following what the court's directions are. I cannot allow that to happen.

(*Id.* at 48.)

In response, the Plaintiff stated: "I'm confused because today to me, I don't know if it's a jury trial, pretrial conference or a settlement." (*Id.* at 51.) The Plaintiff questioned whether he objected to a non-jury trial: "When was that? I objected not to have a jury? When was that? It's new to me." (*Id.* at 52.) After over an hour, this Court stated: "We are here for a jury trial today. You are not prepared for a jury trial." (*Id.* at 62.) Nonetheless, the Plaintiff continued to talk about the pretrial orders (*Id.* at 62-63), to which the Court advised him that it would dismiss the case if he insisted on a jury trial:

If we are going to proceed on a jury trial, you don't know how to proceed on a jury trial, I am going to invite a motion from the defense and I will grant that motion and dismiss this matter. You can't stay focused on one thought. You don't know anything about selecting a jury. You don't know anything about how to present your case. I have continued to say that you're entitled to a non-jury trial and the judge will give you a lot more leeway, but you insist that that's not what you want. If you insist on that, then I am going to have to grant a motion for non-pros, which is that you're not capable of prosecuting the case.

(*Id.* at 64, 67.)

5

Drexel then moved for entry of a judgment of non-pros, which this Court held under advisement. (*Id.* at 69.) The Court explained to Plaintiff:

> A motion for non-pros; that is, for failing to prosecute the case is appropriate where the plaintiff is not prepared to go forward.

(*Id.* at 69.) Mr. Kandjabanga still could not demonstrate that he would be able to proceed with jury selection when this Court asked:

> Mr. Kandjabanga, for the 18th or 19th time, I scheduled a non-jury case. I told you why. You protested. I granted your reconsideration and allowed you to have a jury trial. I said I have ordered a jury panel. We are ready to go. We are ready to give you a jury trial. You are not ready to go to a jury trial...Under the Rules of Civil Procedure, Mr. Kandjabanga, you are required to know how to proceed. If you cannot proceed on a jury trial, counsel has filed a motion to non-pros, that is, to non-prosecution. You are not proceeding. Because you are not proceeding, I have to grant that motion. I don't want to grant that motion, but you keep insisting that you want a jury and nothing but. If you want a jury and nothing but a jury, then you have to proceed on the case, and you don't know how to do that.

(*Id.* at 75-76.) After giving the Plaintiff a final opportunity to proceed non-jury because he was not prepared to have a jury trial, the Plaintiff insisted on a jury trial. (*Id.* at 85.) This Court granted the motion and dismissed the case. (*Id.*) On July 25, 2017, this Court entered its Order dismissing the case for lack of prosecution. The Plaintiff filed a petition to open the judgment of non-pros which this Court denied.

## II.    Issues:

The Plaintiff filed four separate appeals to the Superior Court from the entry of the judgment of non-pros. Prior to filing these appeals, on August 25, 2017, he filed a petition to open the judgment of non-pros. After this Court denied his petition to open the judgement of non-pros, the Plaintiff filed a motion to reconsider entitled *Plaintiff's Petition for Reconsideration to Open Non-Pros Judgment and Memorandum of Law* (Oct 13, 2017). This motion to reconsider was one hundred and fifty (150) pages long and raised numerous

6

allegations of error made by this Court in entering the judgment of non-pros and in dismissing his case. The Plaintiff's petition for reconsideration was promptly denied.

Despite the fact that this Court never requested a concise statement of matters complained of on appeal, the Plaintiff filed a 1925(b) concise statement of matters complained of on appeal that was thirty-seven (37) pages in length. This 1925(b) statement contained forty-eight (48) paragraphs each alleging a separate error made by this Court in dismissing the above-captioned matter, and a memorandum of law which further clarified the allegations of error made against this Court. *Rule 1925(b) Statement of Plaintiff/Appellant's Matters Complaint of on Appeal* (Oct 30, 2017).

Following the entry of the judgment of non-pros, the Plaintiff filed documents with this Court that were repetitious and voluminous in nature. From a practically stand point, it would be illogical to quote verbatim what amounted to literally hundreds of pages of text filed by the Plaintiff alleging various errors made by this Court. At the risk of mischaracterizing the issues that the Plaintiff intends to pursue on appeal, this Court will summarize the issues raised by his various filings as follows:

- The trial court erred when it struck the jury without proper legal basis.
- The trial court erred when it based its decision to strike the jury on the Plaintiff's inability to pick a jury.
- The trial court violated the code of judicial conduct when it violated the Plaintiff's constitutional right to a jury trial and said misconduct should be reported to the Board of Judicial Misconduct.
- The judge who handled the pretrial motions committed judicial misconduct when she overruled preliminary objections and should be reported to the Board of Judicial Conduct.
- The trial court and defense counsel erroneous failed to report the misconduct committed by the pretrial motion judge to the Board of Judicial Misconduct.
- Judicial misconduct occurred in the handling of pretrial motions and in the act of striking the jury.
- The trial court erred when contacted security and the Philadelphia Sheriff's Department after the Plaintiff became emotional during the July 24, 2017 hearing.

7

- The Court committed judicial misconduct when it fabricated the transcript of the judicial proceedings that occurred on July 24, 2017.

## III. Standard: Pennsylvania Rule of Civil Procedure 3051:

(a) Relief from a judgment of non-pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition. (b) Except as provided in subdivision (c), if the relief sought includes the opening of the judgment, the petition shall allege facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non-pros, and (3) there is a meritorious cause of action.

Pa. R.C.P. No. 3051. *Kruis v. McKenna*, 790 A.2d 322, 324 (Pa. Super. Ct. 2001) (*quoting MacKintosh-Hemphill Intern., Inc. v. Gulf & Western, Inc.*, 679 A.2d 1275, 1278-79 (Pa. Super. Ct. 1996).

## IV. Discussion:

The Plaintiff was completely unprepared to proceed when this matter was called to trial; therefore, this Court entered a judgment of non-pros. The Plaintiff's lack of preparation was such that he did not understand how to select a jury to hear the matter. Furthermore, he was unable to explain basic facts in support of his theory that Drexel breached its contract with him. This Court went on to deny his petition to open the judgment of non-pros and his subsequent motion for reconsideration because the Plaintiff was unable to satisfy the second two elements of the above-referenced tripartite test. First and foremost, he was unable to demonstrate a reasonable explanation or legitimate excuse for being unprepared for the trial that was scheduled to take place in this matter. Second, he failed to establish that the above-captioned matter had any merit—he could not even coherently discuss the operative facts in support of his alleged breach of contract action.

A major theme that ran throughout the documents filed by the Plaintiff following entry of the judgment of non-pros was the argument that this Court erred when it struck the Plaintiff's

8

jury demand; however, this argument is critically flawed. This Court did not strike the Plaintiff's jury demand. Quite to the contrary, this Court had ordered a jury panel and was prepared to commence jury selection on July 24, 2018. This Court entered a judgment of non-pros because the Plaintiff was not prepared to proceed with jury selection and to jury trial.

No judicial misconduct occurred in entering the judgment of non-pros, and this Court saw no judicial misconduct or ethical violation committed by other members of the judiciary. This Court would have reported any instances of judicial misconduct to the appropriate governing body if it had witnessed such ethical violations. In terms of the accuracy of the transcript, this Court reviewed the transcript from the July 24, 2018 proceedings and saw no discrepancy. The transcript accurately described what occurred and was not fabricated. The transcript clearly shows that this Court contacted security and the Philadelphia Sheriff's Department in response to the Plaintiff's emotional behavior. Without further explanation, this Court feels that due to the Plaintiff's irrational behavior and incoherent speech, it was justified in contacting security.

## 1. The Plaintiff Cannot Provide a Reasonable Explanation or Legitimate Excuse for Not Being Prepared for Trial.

Plaintiff cannot satisfy the second prong of Pa. R.C.P. 3051 because: (1) Plaintiff's Petition does not provide any "reasonable explanation or legitimate excuse" for his lack of preparation; and (2) Plaintiff's *pro se* status does not relieve him of his obligation to be prepared. Pa. R.C.P. 218 permits a trial court to enter judgment of non-pros if a plaintiff is not prepared for trial. It states that when a case is called for trial, if without satisfactory excuse, a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non-pros on the court's own motion.

As set forth above, the July 24, 2017 transcript clearly demonstrates the Plaintiff was completely unprepared and had no understanding of how to proceed with a jury trial. This Court

9

gave the Plaintiff at least 19 opportunities to explain his case and how he would proceed. The Plaintiff continued to argue with this Court about the pretrial conference, he asked what claims were left in the case, and he asked Drexel to provide a definite statement regarding its affirmative defenses. The Plaintiff talked about reporting Judge Padilla Wright to the Board of Judicial Conduct for overruling preliminary objections, he talked about the motion for summary judgment, he asked the Court to reconsider the motion for sanctions against Drexel, and he asked if he had a right to an attorney. (Exhibit 6, July 24, 2017 Tr. at 11, 13-17, 21-29, 62-63.) At one point, the Plaintiff questioned whether he objected to a non-jury trial. (*Id.* at 52.) This Court repeatedly advised the Plaintiff that he was there for a trial and he needed to be ready. (*Id.* at 35.) The Plaintiff responded: "I'm confused because today to me, I don't know if it's a jury trial, pretrial conference or a settlement." (*Id.* at 51.)

The Plaintiff's *pro se* status does not excuse him from compliance with the rules of procedure or otherwise being prepared to proceed with a jury trial. The Superior Court stated, "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Jones v. Rudenstein*, 585 A.2d 520, 522 (Pa. Super. Ct. 1991) (*quoting Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).) *See also Commonwealth v. Abu–Jamal*, 555 A.2d 846, 852 (Pa. 1989) (*pro se* litigant "is subject to the same rules of procedure as is a counseled defendant; he has no greater right to be heard than he would have if he were represented by an attorney"); *Vann v. Unemployment Compensation Bd. of Review*, 494 A.2d 1081, 1086 (Pa. 1985) ("any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.")

10

In *Jones*, 585 A.2d at 522, the Court entered judgment of non-pros against a *pro se* litigant who failed to appear at a hearing without excuse. The court wrote, "Appellant apparently labors under the *false* assumption that by proceeding *pro se* he is absolved of all responsibility to comply with procedural rules, and that the appellee and/or the court had some affirmative duty to walk him through the procedural requirements, or to ignore the procedural requirements, in order to reach the merits of his claim. Such is not the case." In *Passalacqua v. Passalacqua*, 52 Pa. D. & C.4th 38, 45 (Pa. Ct. Comm. Pl. Carbon Cnty. 2002), the court entered judgment of non-pros against a *pro se* litigant who "fail[ed] to allege any facts explaining why he failed to comply with the court's order of April 11, 2001."

The Plaintiff's *pro se* status did not absolve him of his responsibility to be prepared for a jury trial. Although the Court offered the Plaintiff the opportunity for a non-jury bench trial, he rejected it outright, and was totally unprepared to proceed to conduct a jury trial. The Plaintiff had no reasonable explanation or legitimate excuse, for his behavior, and this Court properly entered judgment of non-pros under Pa. R.C.P. 218. The Plaintiff's Petition does not contain anything that constitutes a reasonable explanation or legitimate excuse for his lack of preparation. To the contrary, Plaintiff's Petition is consistent with the July 24, 2017 transcript in which he did everything but demonstrate he was prepared.

## 2. Plaintiff Failed to Establish a Meritorious Cause of Action.

Plaintiff cannot satisfy the third prong of the tripartite test requiring that he show that he has a meritorious cause of action. The Plaintiff's petition to open the judgment of non-pros did not even attempt to address the third prong of this tripartite test. The Plaintiff was unable to explain the factual basis for his alleged breach of contract action when queried during the July 24, 2017 hearing. He did nothing to rectify this problem when he filed his petition to open the

11

judgment of non-pros. Without some explanation, the Plaintiff failed to establish that a meritorious cause of action exists.

### 3. Motion to Reconsider.

On October 13, 2017, the Plaintiff filed a motion to reconsider which attacked the entry of the judgment of non-pros and the denial of his petition to open the judgment of non-pros. The Plaintiff's motion to reconsider did nothing to rectify the initial problem with the Plaintiff's case. The fact remains that the Plaintiff was unprepared to proceed when this matter was called to trial. The Plaintiff then filed a petition to open the judgment of non-pros that failed to establish two of the necessary elements in the tripartite test for assessing whether to open a default judgment.

### V. Conclusion:

For the above-reasons, this Court denied the petition to open the judgment of non-pros filed by the Plaintiff.

By the Court:

Judge John M. Younge

12